IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| POLLY HANSEN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>DISCOVER FINANCIAL SERVICES and DISCOVER HOME LOANS, INC.<br><br>    Defendants. | NO. 1:15-cv-6052<br><br>**DEMAND FOR JURY** |

## CLASS ACTION COMPLAINT

### Preliminary Statement

Plaintiff Polly Hansen ("Plaintiff"), by her undersigned counsel, for this class action Complaint against Defendants Discover Financial Services and Discover Home Loans, Inc., and their present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (hereinafter referred to as "Defendants"), alleges as follows:

### INTRODUCTION

1.    Nature of Action.  Plaintiff, individually and as a class representative for all others similarly situated, brings this action against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

### PARTIES

2.    Plaintiff Polly Hansen ("Plaintiff" or "Dr. Hansen") is a citizen of Virginia and resides in Hanover County, Virginia.

3.    Defendant Discover Financial Services ("Discover Financial") is a Delaware corporation with its principal place of business in Riverwoods, Illinois.  Discover Financial, thus, is a citizen of Illinois.  Discover Financial is registered to do and is doing business in Illinois and

throughout the United States.

4.     Defendant Discover Home Loans, Inc. ("Discover Home Loans") is a subsidiary of Discover Financial.  Discover Home Loans is registered to do and is doing business in Illinois and throughout the United States.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

6.     This Court has personal jurisdiction over Defendants because they have submitted to Illinois jurisdiction by registering with the Secretary of State to do business in the State of Illinois, and the wrongful acts alleged in this Complaint were directed from Illinois.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Discover Financial resides in this District and a substantial part of the events or omissions given rise to Plaintiff's claims occurred in this District.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C.  § 227

8.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

10.     The TCPA also makes it unlawful for any entity to make more than one call in a 12-month period to any number that is registered with the National Do-Not-Call Registry or that entity's company specific do-not-call list.  *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) & (d).  The TCPA provides a private cause of action to persons receiving calls in violation of 47

U.S.C. § 227(c)(5).

11.     The Federal Communication Commission ("FCC") promulgated regulations that "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

12.     The FCC confirmed this principle in 2013, when it explained that "a seller …. may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *See In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6574 (2013).

## FACTUAL ALLEGATIONS

13.     Discover Financial is a direct banking and payment services company.  It holds itself out to be "one of the most recognized brands in U.S. financial services." *See* https://www.linkedin.com/company/discover-financial-services (last visited June 10, 2015).

14.     Discover Financial conducts its mortgage refinance business through its subsidiary, Discover Home Loans.

15.     According to Discover Financial's February 25, 2015 Form 10-K, filed with the Securities and Exchange Commission ("SEC"), Discover Financial "conduct[s] [its] mortgage lending business through two subsidiaries:  Discover Bank (for [its] home equity loans) and Discover Home Loans, Inc. (for [its] conventional refinances and purchase transactions)."

16.     Discover Financial directs that the brand "Discover" be used by Discover Home Loans when selling mortgage refinancing.  In fact, its February 25, 2015 Form 10-K states that:

> The success of our home loans strategy depends upon our ability to generate mortgage loan origination volume. Our origination volume is largely dependent on our ability to offer competitively priced, desirable loan products under the Discover brand and our ability to attract qualified prospective borrowers.

*Id.*

17.     The financial results of the mortgage business that Discover Financial conducts through Discover Home loans is included in the public financial reporting of Discover Financial.

18.     Part of Defendants' strategy for increasing their volume of home loan customers involves the use of an automatic telephone dialing system ("ATDS") and/or automated or prerecorded messages to solicit business.

19.     Defendants use ATDS equipment and software that has the capacity to store or produce telephone numbers to be called and which includes auto-dialers and predictive dialers.

20.     Recipients of these calls, including Plaintiff, did not consent to receive such telephone calls.

21.     Defendants also make calls using an ATDS and/or artificial or prerecorded voice to cellular telephones whose owners have not provided express prior consent to receive such calls.

22.     Discover Financial has previously been the subject of litigation for its unlawful telemarketing practices in *Bradley v. Discover Financial Services*, United States District Court, Northern District of California Case No. 4:11-cv-5746-YGR, and *Steinfeld v. Discover Financial Services, et al.*, United States District Court, Northern District of California Case No. 3:12-cv-01118-JSW.

23.     On May 17, 2013, the parties in the *Bradley* and *Steinfeld* matters reached a classwide settlement in the amount of $8.7 million.[1]

24.     Defendant Discover Financial Services directly participated in, directed and/or authorized the conduct constituting the statutory violations alleged herein.  Defendant Discover Financial Services established, approved, and ratified Defendant Discover Home Loans policies and practices, oversaw operations, and was directly involved in the business practices that violated the TCPA.

---

[1]  Pursuant to the terms of the settlement, and because Mr. Bradley had been added as a plaintiff in the *Steinfeld* matter, the *Bradley* action was dismissed on May 24, 2013.

25.     At all times material to the subject matter of this litigation, Defendant Discover Financial Services, acting alone or in concert with others, had the authority and responsibility to prevent or correct unlawful telemarketing practices of Discovery Home Loans, and formulated, directed, controlled, and participated in the acts and practices of Discover Home Loans that violated the TCPA, including the acts and practices set forth in this Complaint.

**Factual Allegations Regarding Plaintiff**

26.     In or around January 2015, Plaintiff received a telemarketing call on her cellular telephone, (804) 238-XXXX, from, or on behalf of, Defendants from telephone number (502) 822-4758.

27.     The call was initiated for purposes of marketing home loan refinance options offered by Defendants.

28.     When Plaintiff answered the call, there was a lengthy pause and a click before a prerecorded message played asking the called party to hold for an important message.  In fact, Plaintiff had to say "hello" multiple times before a person came on the line, which indicated to her that the call was made using an ATDS.

29.     The caller stated that they were calling on behalf of "Discover Bank" and attempted to persuade Plaintiff to refinance her mortgage.

30.     When one calls the telephone number (502) 822-4758, a prerecorded message plays and identifies Discover Home Loans as the entity called.

31.     At the time, Plaintiff was not in the market for a refinanced mortgage and directly requested that Defendants stop calling her.

32.     Notwithstanding her request, Plaintiff continued to receive calls on her cellular telephone from, or on behalf, of Defendants from the same telephone number, (502) 822-4758.

33.     Each time Plaintiff answered a call from, or on behalf, Defendants, there was a lengthy pause and a click before a live person came on the line, which indicated to her that the calls had been made using an ATDS.

34.     On at least three separate occasions, Plaintiff requested that Defendants stop

calling her.

35.    To date, Plaintiff has received over thirty calls from, or on behalf of, Defendants from the same telephone number, (502) 822-4758.  Some of these calls were received thirty or more days after she explicitly instructed Defendants to stop calling.

36.    On or around June 12, 2015, Plaintiff received a call to her cellular telephone from, or on behalf of, Defendants from a new telephone number, (502) 822-4754.

37.    When Plaintiff answered the call, there was a lengthy pause and a click before a prerecorded message played asking the called party to hold for an important message.  The call was then transferred to a live representative marketing Defendants' mortgage services.

38.    When one calls the telephone number (502) 822-4754, a prerecorded message plays and identifies Discover Home Loans as the entity called.

39.    Plaintiff received at least three calls in less than five hours on June 12, 2015 from, or on behalf of, Defendants from telephone number (502) 822-4754.

40.    Plaintiff has received calls as early as 6:00 a.m. and as late as 11:00 p.m.

41.    Plaintiff registered her cellular telephone number with the National Do-Not-Call Registry on June 8, 2011.

42.    Each of the above-described calls occurred after Plaintiff registered her cellular telephone number with the National Do-Not-Call Registry.

43.    Plaintiff did not provide her cellular telephone number to Defendants.

44.    Plaintiff did not provide prior express consent to receive ATDS generated and/or automated or prerecorded calls on her cellular telephone from, or on behalf of, Defendants.

45.    Plaintiff's privacy has been violated by the above-described calls from, or on behalf of, Defendants and they constitute a nuisance as they are annoying and harassing.

46.    Defendants are responsible for making the above-described ATDS-generated and/or automated or prerecorded calls.

47.    Defendants have made a significant number of ATDS generated and/or automated or prerecorded calls to persons on their cellular telephones in Illinois, Virginia, and throughout

the entire United States.

48.     Defendants have made a significant number of telemarketing calls to persons who have registered their telephone numbers with the National Do-Not-Call Registry in Illinois, Virginia, and throughout the entire United States.

49.     Defendants have made a significant number of telemarketing calls to persons who have explicitly requested that Defendants stop calling them in Illinois, Virginia, and throughout the entire United States.

50.     Defendants intend to continue to make similar ATDS-generated and/or automated or prerecorded calls to persons on their cellular telephones in Illinois, Virginia, and throughout the entire United States.

51.     Defendants intend to continue to make similar ATDS-generated and/or automated or prerecorded calls to persons who have registered their telephone numbers with the National Do-Not-Call Registry in Illinois, Virginia, and throughout the entire United States.

52.     Defendants intend to continue to make similar ATDS-generated and/or automated or prerecorded calls to persons who have explicitly requested that Defendants stop calling them in Illinois, Virginia, and throughout the entire United States.

53.     Plaintiff and all members of the Classes, defined in paragraph 54, below, have been harmed by the acts of Defendants because their privacy has been violated, they were subject to annoying and harassing calls that constitute a nuisance, and they were charged for incoming calls.

## CLASS ACTION ALLEGATIONS

54.     Class Definition.  Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this case as a class action on behalf of National Classes (collectively referred to as the "Classes") defined as follows:

> Cell Phone Class:  All persons in the United States to whom:  (a) Defendants and/or a third party acting on Defendants' behalf, made one or more non-emergency telephone calls; (b) promoting Defendants' goods or services; (c) to their cellular telephone

number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period that begins four years before the date of filing this Complaint to trial.

<u>Internal Do-Not-Call Class</u>:  All persons in the United States who: (a) received more than one telemarketing call, initiated by Defendants and/or on Defendants' behalf; (b) promoting Defendants' goods or services; (c) more than 30 days after requesting not to receive further calls; (d) in a 12-month period; (e) on their cellular telephone line or residential telephone line; and (f) at any time in the period that begins four years before the date of filing this Complaint to trial.

<u>National Do-Not-Call Class</u>:  All persons in the United States who: (a) received more than one call, made by Defendants and/or on Defendants' behalf; (b) promoting Defendants' goods or services; (c) in a 12-month period; (d) on their cellular telephone line or residential telephone line; (e) whose cellular or residential telephone line number(s) appear on the National Do-Not-Call registry; and (f) at any time in the period that begins four years before the date of filing this Complaint to trial.

Excluded from the Classes are Defendants, any entity in which Defendants have a controlling interest or that has a controlling interest in Defendants, and Defendants' legal representatives, assignees, and successors.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

55.    <u>Numerosity</u>.  The Classes are each so numerous that joinder of all members is impracticable.  On information and belief, the Classes each have more than 1,000 members.  Moreover, the disposition of the claims of the Classes in a single action will provide substantial benefits to all parties and the Court.

56.    <u>Commonality</u>.  There are numerous questions of law and fact common to Plaintiff and members of the Classes.  These common questions of law and fact include, but are not limited to, the following:

a.    As to Plaintiff and the Cell Phone Class, whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone

number using an ATDS or artificial or prerecorded voice;

       b.     As to Plaintiff and the Cell Phone Class, whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice, thus entitling Plaintiff and the Cell Phone Class to treble damages;

       c.     As to Plaintiff and the Internal Do-Not-Call Class, whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated 47 C.F.R. § 64.1200(d) by initiating any call for telemarketing purposes to Plaintiff and members of the Internal Do-Not-Call Class without following procedures for maintaining a list of persons who request not to receive telemarketing calls;

       d.     As to Plaintiff and the Internal Do-Not-Call Class, whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf knowingly and/or willfully violated 47 C.F.R. § 64.1200(d) by failing to follow procedures for maintaining a list of persons who request not to receive telemarketing calls in the future, pursuant to 47 U.S.C. § 227(c)(5)(A), thus entitling Plaintiff and the Internal Do-Not-Call Class to treble damages;

       e.     As to Plaintiff and the National Do-Not-Call Class, whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated 47 C.F.R. § 64.1200(c) by initiating more than one telephone solicitation within a 12-month period to Plaintiff and members of the National Do-Not-Call Class who have registered their residential telephone numbers with the National Do-Not-Call Registry;

       f.     As to Plaintiff and the National Do-Not-Call Class, whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf knowingly and/or willfully violated 47 C.F.R. § 64.1200(c) by initiating more than one telephone solicitation within a 12-month period to Plaintiff and members of the National Do-Not-Call Class who have registered their residential telephone numbers with the National Do-Not-Call

Registry, thus entitling Plaintiff and the National Do-Not-Call Class to treble damages;

g. Whether Defendants are liable for ATDS generated and/or automated or prerecorded calls promoting Defendants' products and/or services made by Defendants' affiliates, agents, and/or other persons or entities acting on Defendants' behalf;

h. Whether Defendants are liable for telephone calls to persons on Defendants' internal do-not-call list made by Defendants' affiliates, agents, and/or other persons and entities acting of Defendants' behalf;

i. Whether Defendants are liable for telephone calls to persons on the National Do-Not-Call Registry made by Defendants' affiliates, agents, and/or other persons and entities acting on Defendants' behalf; and

j. Whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf should be enjoined from violating the TCPA in the future.

57. Typicality. Plaintiff's claims are typical of the claims of the Classes. Plaintiff's claims, like the claims of the Classes, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

58. Adequacy. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so. Neither Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the proposed Classes.

59. Predominance. Defendants have engaged in a common course of conduct toward Plaintiff and members of the Classes. The common issues arising from this conduct that affect Plaintiff and members of the Classes predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

60. Superiority. A class action is the superior method for the fair and efficient

adjudication of this controversy. Classwide relief is essential to compel Defendants to comply with the TCPA. The interest of members of the Classes in individually controlling the prosecution of separate claims against Defendants is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

61. _Injunctive and Declaratory Relief Appropriate_. Defendants have acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a classwide basis. Moreover, on information and belief, and based on her experience, Plaintiff alleges that the automated calls made by Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CLAIM FOR RELIEF**
**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) – Cellular Telephone Calls – Cell Phone Class)**

62. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

63. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Cell Phone Class using an ATDS and/or artificial or prerecorded voice.

64. As a result of Defendants' and/or their affiliates, agents, and/or other persons or

entities acting on Defendants' behalf violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Cell Phone Class presumptively are entitled to an award of $500 in damages for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

65.    Plaintiff and members of the Cell Phone Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

### SECOND CLAIM FOR RELIEF
**(Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) – Cellular Telephone Calls – Cell Phone Class)**

66.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

67.    The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Cell Phone Class using an ATDS and/or artificial or prerecorded voice.

68.    As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Cell Phone Class are entitled to treble damages of up to $1,500 for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

69.    Plaintiff and members of the Cell Phone Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by

making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

## THIRD CLAIM FOR RELIEF
### (Violations of 47 C.F.R. § 64.1200(d) & 47 U.S.C. § 227(c)(5) – Internal Do-Not-Call List – Internal Do-Not-Call Class)

70.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

71.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of 47 C.F.R. § 64.1200(d), by initiating any call for telemarketing purposes to Plaintiff and members of the Internal Do-Not-Call Class, without following procedures for maintaining a list of persons who request not to receive telemarketing calls ("internal do-not-call list").  This includes Defendants' failure to properly record do-not-call requests, failure to maintain a record of do-not-call requests, and failure to honor do-not-call requests.

72.     As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of 47 C.F.R. § 64.1200(d), Plaintiff and members of the Internal Do-Not-Call Class are entitled to an award of $500 in statutory damages for each and every call in violation of the internal do-not-call list regulation, pursuant to 47 U.S.C. § 227(c)(5)(B).

73.     Plaintiff and members of the Internal Do-Not-Call Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating 47 C.F.R. § 64.1200(d) by failing to follow procedures for maintaining a list of persons who request not to receive telemarketing calls in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## FOURTH CLAIM FOR RELIEF
### (Knowing and/or Willful Violations of 47 C.F.R. § 64.1200(d) & 47 U.S.C. § 227(c)(5) – Internal Do-Not-Call List – Internal Do-Not-Call Class)

74.     Plaintiff realleges and incorporates by reference each and every allegation set

forth in the preceding paragraphs.

75.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple knowing and/or willful violations of 47 C.F.R. § 64.1200(d), by initiating any call for telemarketing purposes to Plaintiff and members of the Internal Do-Not-Call Class without following procedures for maintaining a list of persons who request not to receive telemarketing calls.  This includes Defendants' failure to properly record do-not-call requests, failure to maintain a record of do-not-call requests, and failure to honor do-not-call requests.

76.     As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf knowing and/or willful violations of 47 C.F.R. § 64.1200(d), Plaintiff and members of the Internal Do-Not-Call Class are entitled to an award of treble damages of up to $1,500 for each and every call in violation of the internal do-not-call list regulation, pursuant to 47 U.S.C. § 227(c)(5)(B).

77.     Plaintiff and members of the Internal Do-Not-Call Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating 47 C.F.R. § 64.1200(d) by failing to follow procedures for maintaining a list of persons who request not to receive telemarketing calls in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

**FIFTH CLAIM FOR RELIEF**
**(Violations of 47 C.F.R. § 64.1200(c) & 47 U.S.C. § 227(c)(5) – National Do-Not-Call Registry – National Do-Not-Call Class)**

78.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

79.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of 47 C.F.R. § 64.1200(c), by initiating more than one telephone solicitation within a 12-month period to Plaintiff and members of the National Do-Not-Call Class who have

registered their telephone numbers with the National Do-Not-Call Registry.

80.    As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violations of 47 C.F.R. § 64.1200(c), Plaintiff and members of the National Do-Not-Call Class are entitled to an award of $500 in statutory damages for each and every call initiated to them, after registering their telephone numbers with the National Do-Not-Call Registry, pursuant to 47 U.S.C. § 227(c)(5)(B).

81.    Plaintiff and members of the National Do-Not-Call Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating 47 C.F.R. § 64.1200(c) by initiating more than one telephone solicitation to any residential telephone subscriber who has registered his or her telephone numbers with the National Do-Not-Call Registry in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

**SIXTH CLAIM FOR RELIEF**
**(Knowing and/or Willful Violations of 47 C.F.R. § 64.1200(c) & 47 U.S.C. § 227(c)(5) – National Do-Not-Call Registry – National Do-Not-Call Class)**

82.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

83.    The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple knowing and/or willful violations of 47 C.F.R. § 64.1200(c), by initiating more than one telephone solicitation within a 12-month period to Plaintiff and members of the National Do-Not-Call Class who have registered their telephone numbers with the National Do-Not-Call Registry.

84.    As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf knowing and/or willful violations of 47 C.F.R. § 64.1200(c), Plaintiff and members of the National Do-Not-Call Class are entitled to an award of treble damages of up to $1,500 for each and every call made to them, after registering their

- 15 -

telephone numbers with the National Do-Not-Call Registry, pursuant to 47 U.S.C. § 227(c)(5)(B).

85. Plaintiff and members of the National Do-Not-Call Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating 47 C.F.R. § 64.1200(c) by initiating more than one telephone solicitation to any telephone subscriber who has registered their telephone numbers with the National Do-Not-Call Registry in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the Classes, prays for judgment against Defendants as follows:

A. Certification of the proposed Classes;

B. Appointment of Plaintiff as representative of the Cell Phone Class, the Internal Do-Not-Call Class, and the National Dot-No-Call Class;

C. Appointment of the undersigned counsel as counsel for the Classes;

D. A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Defendants and/or their affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F. An award to Plaintiff and the Classes of damages, as allowed by law;

G. An award to Plaintiff and the Classes of attorneys' fees and costs, as allowed by law and/or equity;

H. Leave to amend this Complaint to conform to the evidence presented at trial; and

I. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

- 16 -

RESPECTFULLY SUBMITTED AND DATED this 9th day of July, 2015.

BURKE LAW OFFICE, LLC

By:   /s/ Alexander H. Burke
     Alexander H. Burke
     Email:  aburke@burkelawllc.com
     Daniel J. Marovitch
     Email:  dmarovitch@burkelawllc.com
     155 North Michigan Avenue, Suite 9020
     Chicago, Illinois 60601
     Telephone:  (312) 729-5288
     Facsimile:  (312) 729-5289

     Beth E. Terrell
     Email:  bterrell@tmdwlaw.com
     Samuel J. Strauss
     Email:  sstrauss@tmdwlaw.com
     TERRELL MARSHALL DAUDT
       & WILLIE PLLC
     936 North 34th Street, Suite 300
     Seattle, Washington  98103-8869
     Telephone:  (206) 816-6603
     Facsimile:  (206) 350-3528

     Adam R. Gonnelli
     Email:  agonnelli@faruqilaw.com
     FARUQI & FARUQI, LLP
     369 Lexington Avenue, 10th Floor
     New York, New York 10017
     Telephone:  (212) 983-9330
     Facsimile:  (212) 983-9331

     *Attorneys for Plaintiff and the Proposed Classes*