— **EXHIBIT 1** —

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

This Settlement Agreement and Release (the "Agreement" or "Settlement") is made between and among plaintiff Sumner Davenport ("Plaintiff"), for herself and the Settlement Class (as defined below), on the one hand, and defendants Discover Home Loans, Inc. ("DHL") and Discover Financial Services (together with DHL, "Discover," and together, with DHL and Plaintiff, the "Parties"), on the other hand.  Discover, Class Counsel (as defined below) and Plaintiff hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court (as defined below) of a Final Approval Order (as defined below), all claims of Plaintiff and the Settlement Class Members (as defined below) in the action entitled <u>Sumner Davenport v. Discover Financial Services, et al.</u>, U.S.D.C. Northern District of Illinois, Case No. 1:15-CV-6052 (the "Action"), shall be settled, compromised and released upon the terms and conditions contained herein.

## I.      <u>RECITALS</u>

This Agreement is made with reference to and in contemplation of the following facts and circumstances:

A.      The Action was filed on July 9, 2015.  Plaintiff alleges in the Action that Discover violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 <u>et seq.</u> (the "TCPA"), by placing calls to cellular telephones through the use of an automatic telephone dialing system or an artificial or prerecorded voice without the prior express written consent of Plaintiff and the putative class members as well as by placing calls to telephone numbers registered on the National Do-Not-Call Registry.

B.      Discover denies all claims asserted in the Action and denies all allegations of wrongdoing and liability.  Discover desires to settle the Action on the terms set forth herein solely for the purpose of avoiding the burden, expense, risk and uncertainty of continuing these proceedings.

1

C.     This Agreement resulted from and is the product of extensive, good faith arm's length negotiations. The Parties participated in private mediation before the Honorable Morton Denlow (Ret.), as well as follow-up negotiations in documenting the Settlement, to reach a resolution of the Action.

D.     Plaintiff and Class Counsel have investigated the facts and law underlying the claims asserted in the Action. Plaintiff and Class Counsel requested, and Discover produced, documents regarding Plaintiff's claims and Class Counsel deposed a representative of Discover to confirm the information provided and produced in connection with mediation and this Settlement. Class Counsel also engaged in numerous discussions with Discover regarding the claims. Plaintiff and Class Counsel additionally requested, and received, discovery from third parties.

E.     As a result of these efforts, the Parties entered into this Agreement, subject to preliminary approval and final approval by the Court as required by Rule 23 of the Federal Rules of Civil Procedure, to fully, finally and forever resolve, discharge and release all rights and claims of Plaintiff and the Settlement Class Members in exchange for Discover's agreement to pay the sum of Five Million Dollars ($5,000,000) to create a common fund for the benefit of the Settlement Class.

F.     The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims. This Agreement is inadmissible as evidence against any party except to enforce the terms of the Agreement and is not an admission of wrongdoing or liability on the part of any party to this Agreement. It is the Parties' desire and intention to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, the Parties agree to the Settlement, subject to approval by the Court, as follows:

II.     **DEFINITIONS**

      A.     In addition to the terms defined elsewhere within this Agreement, the following defined terms apply throughout this Agreement and the attached exhibits:

      1.     "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

      2.     "Claim Deadline" shall have the meaning set forth in Section III.B.1 of this Agreement.

      3.     "Claim Form" or "Claim" means the claim form to be submitted by Settlement Class Members in order to receive a Settlement Award pursuant to Section III.F.2 of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit A.

      4.     "Class Counsel" means Terrell Marshall Law Group PLLC, Burke Law Office, LLC and Sultzer Law Group.

      5.     "Class Notice" or "Notice Program" means all types of notice that will be provided to the Settlement Class including the E-mail Notice, Mail Notice, Website Notice, Nationwide Publication Notice and any different or additional notice that might be ordered by the Court.  A description of the contemplated Notice Program is provided in Section III.E of this Agreement.

      6.     "Court" means the United States District Court for the Northern District of Illinois.

      7.     "Discover's Counsel" means Stroock & Stroock & Lavan LLP.

      8.     "Effective Date" means the fifth business day after the last of the following dates:

      a.     The Court has entered, without material change, the Final Approval Order; and

      b.     The final disposition of any related appeals, and in the case of no appeal or review being filed, expiration of the applicable appellate period.

9.      "E-mail Notice" means the notice that will be provided pursuant to Section III.E.1.a of this Agreement, subject to approval by the Court, substantially in the form attached hereto as <u>Exhibit B</u>.

10.     "Escrow Account" means the account to be established consistent with the terms and conditions described in Section II.C.3 of this Agreement. The Escrow Account shall be held at a bank to be selected by Class Counsel and Discover.

11.     "Escrow Agent" means the Settlement Administrator. The Escrow Agent shall administer the Escrow Account.

12.     "Final Approval Hearing" means the date of the hearing when the Court considers the Parties' request to enter the Final Approval Order granting final approval of the Settlement and to determine the amount of fees, costs and expenses awarded to Class Counsel and the amount of the service award(s) to Plaintiff and/or Polly Hansen.

13.     "Final Approval Order" means the order and judgment that the Court enters upon finally approving the Settlement in connection with the Final Approval Hearing, the proposed form of which is attached hereto as <u>Exhibit F</u>.

14.     "Fund" or "Settlement Fund" means the total cash sum of Five Million Dollars ($5,000,000) to be paid pursuant to Section III.C.1 of this Agreement.

15.     "Mail Notice" means the notice that will be provided pursuant to Section III.E.1.b of this Agreement, subject to approval by the Court, substantially in the form attached hereto as <u>Exhibit C</u>.

16.     "Nationwide Publication Notice" means the notice that will be provided pursuant to Section III.E.1.b of this Agreement.

17.     "Notice Deadline" shall have the meaning set forth in Section III.B.1 of this Agreement.

18.     "Notice Costs" means the costs of printing and providing notice to persons in the Settlement Class (including, but not limited to, costs for E-mail Notice, Mail Notice,

Website Notice, Nationwide Publication Notice and any different or additional notice that might be ordered by the Court).

19.     "Opt-Out and Objection Deadline" shall have the meaning set forth in Section III.B.1 of this Agreement.

20.     "Preliminary Approval Order" means the order that the Court enters upon preliminarily approving the Settlement, the proposed form of which is attached hereto as Exhibit E.   "Preliminary Approval" means the date that the Court enters, without material change, the Preliminary Approval Order.

21.     "Released Claims" shall have the meaning set forth in Section III.H of this Agreement.   The "Releases" means all of the releases contained in Section III.H of this Agreement.

22.     "Released Parties" means those persons and entities released as set forth in Section III.H of this Agreement.

23.     "Releasing Parties" shall have the meaning set forth in Section III.H of this Agreement.

24.     "Settlement" means the settlement into which the Parties have entered to resolve the Action.   The terms of the Settlement are set forth in this Agreement and the attached exhibits, which are incorporated by reference herein.

25.     "Settlement Administrator" means the third party identified by the Parties, subject to approval by the Court, which shall be responsible for providing the Class Notice as well as services related to administration of the Settlement.

26.     "Settlement Award" means a cash payment that may be available to eligible Settlement Class Members pursuant to Section III.F of this Agreement.

27.     "Settlement Class" means all persons to whom DHL made, from June 1, 2012 through July 31, 2015, one or more non-emergency telephone calls (a) promoting goods or services through the use of an automatic telephone dialing system or an artificial or prerecorded voice and whose contact information DHL purchased from a third party lead generator, or (b) to

a cellular or residential telephone number registered on the national Do Not Call Registry and who received more than one such call within any twelve-month period and whose contact information DHL purchased from a third party lead generator. Excluded from the Settlement Class are all persons who timely and validly request exclusion from the Settlement Class.

28.     "Settlement Class Member" means any person in the Settlement Class who does not request exclusion from the Settlement.

29.     "Settlement Costs" means: (i) any award of attorneys' fees and costs to Class Counsel approved by the Court; (ii) any service award(s) to Plaintiff and/or Polly Hansen approved by the Court; (iii) all costs of printing and providing notice to persons in the Settlement Class (including, but not limited to, costs for E-mail Notice, Mail Notice, Website Notice and Nationwide Publication Notice); (iv) all costs of administering the Settlement, including, but not limited to, the cost of printing and mailing settlement payments (including the cost of printing and mailing settlement payments following the redistribution of any amounts that remain from uncashed checks, as set forth in Section III.G.2 of this Agreement), Claim Forms and opt-out requests, the cost of maintaining a designated post office box for receiving Claim Forms and the costs of processing opt-out requests; and (v) the fees, expenses and all other costs of the Settlement Administrator.

30.     "Settlement Website" means the website dedicated to the Settlement as described in Section III.E.2 of this Agreement.

31.     "Website Notice" means the website notice provided pursuant to Section III.E.2 of this Agreement, substantially in the form attached hereto as Exhibit D. The Website Notice will be posted on the Settlement Website.

B.     Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including the attached exhibits.

## III.     TERMS OF SETTLEMENT

A.     Conditional Certification of the Settlement Class. Solely for the purposes of settlement, providing Class Notice and implementing this Agreement, the Parties agree to

conditional certification of the Settlement Class for settlement purposes only. If the Settlement is not finalized or finally approved by the Court for any reason whatsoever, the certification of the Settlement Class is voidable by either Party, the Action will return to its status as it existed prior to this Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated class certification proceedings, in response to any motion seeking to compel arbitration or otherwise asserted in any other aspect of the Action or in any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, Discover, any person in the proposed Settlement Class or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

        B.     <u>Preliminary Approval</u>.

        1.     <u>Preliminary Approval Motion</u>.  Within thirty days following complete execution of this Agreement, Plaintiff will move the Court for entry of the Preliminary Approval Order, which shall specifically include provisions that: (a) preliminarily approve the Settlement reflected herein as fair, adequate and reasonable to the Settlement Class, and within the reasonable range of possible final approval; (b) conditionally certify the Settlement Class for settlement purposes only and appoint Class Counsel as counsel for the Settlement Class for settlement purposes only and appoints Plaintiff as the class representative for settlement purposes only; (c) approve the forms of Class Notice and find that the Notice Program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (d) direct that notice be provided to the Settlement Class, in accordance with this Agreement, within ninety (90) days following entry of the Preliminary Approval Order (the "Notice Deadline"); (e) approve the Claim Form and the claims process described herein; (f) establish a procedure for Settlement Class Members to submit claims, to object to the Settlement or to exclude themselves from the Settlement Class, and set a deadline ninety (90) days after the Notice Deadline, after which no one shall be allowed to submit a Claim (the "Claim Deadline"),

object to the Settlement or exclude himself or herself from the Settlement Class or seek to intervene in the Action (the "Opt-Out and Objection Deadline"); (g) pending final determination of whether the Settlement should be approved, stay all proceedings in the Action except those related to effectuation of the Settlement; and (h) schedule the Final Approval Hearing, which shall be scheduled no earlier than forty-five (45) days after the Opt-Out and Objection Deadline.

        2.    <u>Stay/Bar Of Proceedings</u>.  All proceedings in the Action shall be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement.  Pending determination of whether the Settlement should be granted final approval, the Parties agree not to pursue any claims or defenses otherwise available to them, and further agree that the Final Approval Order shall include an injunction that no person who has not opted out of the Settlement Class and no person acting or purporting to act directly or on behalf of a Settlement Class Member, or acting on a representative basis or in any other capacity, will commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.  The Settlement will be conditioned upon the entry of such an injunction in the Final Approval Order.

        C.    <u>Settlement Consideration</u>.

        1.    <u>The Settlement Fund</u>.  As full and complete consideration for the Settlement, Discover will pay the total cash sum of $5,000,000 (as defined above, the "Fund") in full and complete settlement of all claims of Plaintiff and the Settlement Class Members described herein.  The Fund shall be used to satisfy all payments to be made pursuant to the Settlement including, without limitation, all Settlement Awards to claiming Settlement Class Members, the Second Distribution, the Remaining Funds distribution to a *cy pres* recipient, Settlement Costs, fees and expenses of Class Counsel and service award(s) to Plaintiff and/or Polly Hansen.  The Fund shall be reduced by the Settlement Costs prior to making any Settlement Awards to Settlement Class Members, as set forth in Section III.G, and increased by interest earned on the Fund, if any, after deposit into the Escrow Account.

8

2.    Notice Costs.    In the event that reasonable Notice Costs exceed $1,000,000, Discover shall be responsible for the reasonable Notice Costs exceeding $1,000,000 in addition to the Fund.  The Parties agree to work cooperatively to develop a Notice Program that satisfies due process and the requirements of the Federal Rules of Civil Procedure and is within the allocated $1,000,000.  If the Parties are unable to reach an agreement regarding a Notice Program, the Parties agree to seek the assistance of the Hon. Morton Denlow (Ret.) to resolve the issue through mediation.  Except as expressly stated in this Paragraph, Discover shall not, under any circumstances, be obligated to pay any amounts in addition to the Fund in connection with the Settlement.

3.    The Escrow Account.    Discover shall deposit the Fund into the Escrow Account as follows:  (a) Discover shall advance one million dollars ($1,000,000.00) within sixty (60) days following preliminary approval to pay for the Notice Program and settlement administration, which advance shall be credited against the Fund; and (b) Discover shall pay the balance of the Fund into the Escrow Account within five (5) business days following the Effective Date.  The Escrow Agent shall not disburse any portion of the Fund except as provided in this Agreement and with the written agreement of Class Counsel and Discover's Counsel or by order of the Court.  Subject to further order or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class Members as are consistent with the terms of this Agreement.  All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds are distributed pursuant to this Agreement or further order of the Court.

The Escrow Account shall be treated at all times as a "Qualified Settlement Fund" within the meaning on Treasury Regulation §1.468B-1.  Class Counsel and, as required by law, Discover, shall jointly and timely make such elections as necessary or advisable to fulfill the requirements of such Treasury Regulation.  For purposes of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" of the

9

Escrow Account shall be Class Counsel. Class Counsel shall timely and properly prepare, deliver to all necessary parties for signature, and file all necessary documentation for any elections required under Treas. Reg. §1.468B-1. The Escrow Agent shall timely and properly prepare and file any information and other tax returns necessary or advisable with respect to the Escrow Account and the distributions and payments therefrom including without limitation the returns described in Treas. Reg. §1.468B-2(k), and to the extent applicable Treas. Reg. §1.468B-2(1).

4.   Termination.   In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, the remaining Fund (including accrued interest, if any), less expenses and taxes incurred or due and owing and payable from the Fund in accordance with this Agreement, shall be returned to Discover within five (5) business days following the event triggering non-approval, termination, cancellation, or failure to become effective.

D.   Settlement Administrator.   The Settlement Administrator shall administer the Settlement distribution process. DHL will reasonably cooperate in the notice and administration process by providing the Settlement Administrator, on a confidential basis, with (1) the name, (2) last known mailing address, (3) where available, e-mail addresses, and (4) telephone number for all Settlement Class Members as reflected in reasonably available computerized account records of Discover, as applicable (the "Class List") to the extent required to administer the Settlement. The Settlement Administrator shall maintain the Class List in a secure manner and not share the Class List with any other person or entity. DHL will provide the Class List to the Settlement Administrator within sixty (60) days following Preliminary Approval.

E.   Settlement Class Notice Program.   The Settlement Administrator, as specified below, shall provide Class Notice in the forms approved by the Court, as detailed below, by the Notice Deadline:

1.   Direct Notice.   The Direct Notice will include a Claim Form, which may be electronically submitted or mailed back to submit a claim upon the Fund for a Settlement

10

Award. The Direct Notice will also include summary information pursuant to FRCP 23(c)(2)(B) on how to obtain, and submit, the Claim Form and also refer to the Settlement Website, which, as discussed below, will include information regarding the Settlement and also provide for online submission of the Claim Form and opt-out requests.

        a.     E-mail Notice. Notice shall first be sent by e-mail to all persons in the Settlement Class as to whom DHL has an e-mail address associated with the telephone number, in the form attached hereto as Exhibit B. E-mails sent shall have a "return receipt" or other such function that permits the Settlement Administrator to reasonably determine whether e-mails have been delivered and/or opened. E-mails shall have a hyperlink that recipients may click and be taken to a landing page on the Settlement Website.

        b.     Mail Notice. For persons in the Settlement Class as to whom DHL has a mailing address associated with the telephone number, but not an associated e-mail address, and to those persons in the Settlement Class whose e-mails are returned as undeliverable, notice shall be sent to the most recent mailing address as reflected in DHL's reasonably available computerized records and/or data associated with the number, in the form attached hereto as Exhibit C. The Mail Notice will be by double postcard and include a tear-off copy of the Claim Form. A National Change of Address update shall be performed before mailing. Skip tracing shall be performed for all returned mail. The Settlement Administrator will perform reverse lookups as to any telephone numbers that lack valid demographic information to obtain current e-mail addresses and/or direct mailing addresses. All costs of updating, skip tracing and reverse lookups will be considered Settlement Costs and deducted from the Fund, except as set forth in Section C.2 above.

        c.     Nationwide Publication Notice. Notice also shall be published once in a print periodical with national circulation. The Settlement Administrator will draft the form of notice and circulate it to the Parties for their review and approval at least ten (10) business days before the Notice Deadline. The Nationwide Publication Notice will be published on or before the Notice Deadline.

2.      Website Notice.     In addition to the foregoing, the Settlement Administrator will establish and maintain the Settlement Website dedicated to the Settlement, on which will be posted the Mail Notice, Claim Form, the Amended Complaint, a copy of this Agreement, the Preliminary Approval Order, the Website Notice, in the form attached hereto as Exhibit D, Plaintiff's anticipated motion for attorneys' fees and costs as well as for service awards and any other materials the Parties agree to include.  The Settlement Website shall also provide for online submission of Claim Forms and opt-out requests.  These documents, except for Plaintiff's motion for attorneys' fees and costs, shall be available on the Settlement Website beginning on the Notice Deadline.  Plaintiff's motion for attorneys' fees and costs shall be available on the Settlement Website within twenty-four hours after it is filed with the Court.  The Settlement Administrator shall secure a URL for the Settlement Website selected by Discover and subject to approval by Class Counsel.  The URL will not include "DHL", "DISCOVER" or "DFS" and the Settlement Website may not include any of Discover's logos or trademarks.  Discover will not display ads or otherwise make any reference to this Settlement on any of its or its affiliates' websites.  The Settlement Website shall include functionality for the submission of questions, to which the Settlement Administrator will either respond or direct to Class Counsel.  The Settlement Website URL shall be terminated and removed from the internet within ten (10) days after operation of the Settlement Website ceases.  Ownership of the URL shall be transferred to Discover, but Discover shall not use the URL for any purpose and shall not renew the URL upon its expiration.

3.      Toll-Free Settlement Hotline.  The Settlement Administrator will establish and maintain an automated toll-free telephone line (which shall not have live operators) for persons in the Settlement Class to call with, and/or to leave questions or messages regarding, Settlement-related inquiries, to answer the questions of persons who call with or otherwise communicate such inquiries to Class Counsel (except that the Settlement Administrator shall not give, and shall not be expected to give, legal advice).

4.    CAFA Notice.  Discover shall be responsible for timely compliance with all CAFA Notice requirements.

F.    Settlement Awards.

1.    Awards.  Except as set forth herein, Settlement Class Members will be entitled to make a claim upon the Fund for a Settlement Award, which will be payable as a cash award via check, as described in Section III.G.1 below.  The amount of each Settlement Award will be based upon a *pro rata* distribution to each Settlement Class Member who submits a valid and timely claim of the money remaining in the Fund after deduction of all Settlement Costs.

2.    Claims-Made Basis.  Settlement Awards shall be made to eligible Settlement Class Members on a claims-made basis only.  To make a claim for a Settlement Award, Settlement Class Members must submit a valid and timely Claim Form by the Claim Deadline, which shall include:  (i) the Settlement Class Member's full name; (ii) the telephone number at which DHL allegedly contacted the Settlement Class Member; (iii) affirmation that the Settlement Class Member, on or after June 1, 2012 through and including July 31, 2015, received a call from DHL to the Settlement Class Member's identified telephone number; and (iv) for mailed Claim Forms, the Settlement Class Member's signature, and for Claim Forms submitted via the Settlement Website, the Settlement Class Member's electronic signature.  Only one valid Claim Form will be honored per Settlement Class Member, regardless of the number of calls the Settlement Class Member received.  The Settlement Administrator and/or Discover shall have the right to review and research the submitted Claim Forms and to suggest denial of claims if the Settlement Administrator and/or Discover has a good faith belief that such claims are improper or fraudulent.  Any suggestion of denial of claims shall be provided to Discover and Class Counsel in writing.  If the Parties cannot agree upon which claims should be denied, they shall submit the issue to the Court for determination at final approval.  The Settlement Administrator shall maintain a log and report of each claim made and shall provide such information to Class Counsel upon request.

13

3.      Obligations of Settlement Class Members Unaffected By Settlement. Subject to the Releases set forth in Section III.H, the Settlement shall not affect the relationship between the Parties, including without limitation any debts allegedly owed by Plaintiff and/or Settlement Class Members to Discover or any of its affiliates.

G.      Distribution of Settlement Awards.

1.      Settlement Award Payments.  Settlement Awards shall be mailed by the Settlement Administrator within 30 days after the Effective Date.  The Settlement Administrator shall mail, by first-class mail, a check to each eligible Settlement Class Member receiving a Settlement Award.  The Settlement Administrator will perform skip tracing and re-mailing, as necessary; all costs of such work will be considered Settlement Costs and paid from the Fund. Checks will be valid for 120 days after the date on the check (the checks shall identify this expiration date on their face).  The amounts of any checks that are returned as undeliverable or that remain uncashed more than 120 days after the date on the check will be included as part of the Second Distribution (as defined below).  Any Settlement Class Member who fails to negotiate the Settlement Award within the 120 day period forever waives and releases his or her claims for payment of the amount represented by the Settlement Award check which shall be returned to the Fund.

2.      Second Distribution.  The amounts of any Settlement Award checks that remain uncashed more than 120 days after the date on the check will be redistributed on a *pro rata* basis to eligible Settlement Class Members who cashed their first check, where the residual amount of uncashed checks (net of anticipated administrative costs) makes it administratively feasible to make a second distribution (the "Second Distribution").  Settlement Class Members who do not cash their initial checks shall not be eligible for any Second Distribution.  To the extent the residual amount of uncashed checks (net of anticipated administrative costs) is insufficient to feasibly make a Second Distribution, the residual amount shall be distributed as part of the *Cy Pres* Distribution (defined below); no Remaining Funds shall revert to Discover or otherwise be paid to Discover.  The Second Distribution shall be made 60 days after the last day

14

for checks to be cashed as set forth in Section III.G.1 above. Checks distributed pursuant to the Second Distribution shall be mailed, by first-class mail, by the Settlement Administrator and will be valid for 90 days after the date on the check.

          3.     *Cy Pres* Distribution. If there is any money remaining in the Fund after payment of the Settlement Costs (including costs of notice and settlement administration), awards to Settlement Class Members and the Second Distribution, if any, such monies will be distributed to non-profit charitable organizations (the "*Cy Pres* Distribution"). The *Cy Pres* Distribution shall be made 60 days after the last day for checks to be cashed, either pursuant to Section III.G.1 or 2, whichever is later. The Parties propose Equal Justice Works as the recipient(s) of the *Cy Pres* Distribution. The *Cy Pres* Distribution shall be made equally among the recipients designated by the Parties, subject to approval by the Court. If, for any reason, the Parties and/or the Court determine that one or more proposed recipients are not or are no longer appropriate recipients, the Parties shall agree on replacement recipient(s) of such monies, subject to Court approval. The Parties shall agree that the designated *Cy Pres* recipient(s) shall confirm in writing that funds will not be used for litigation or political advocacy, and that Discover's name will not be used without its consent.

        H.     Releases. As of the Effective Date, Plaintiff and the Settlement Class Members provide the following releases:

> Plaintiff and each and all Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and any authorized users of their accounts, will be deemed to have fully released and forever discharged Discover Financial Services, Discover Home Loans, Inc., and each and all of its and their present, former and future direct and indirect parents, affiliates, subsidiaries, agents, successors, and/or predecessors in interest and all of the

aforementioneds' respective officers, directors, employees, attorneys, shareholders, agents, vendors and assigns (together, the "Released Parties") from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law, whether by Constitution, statute, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory as of the date of Preliminary Approval that arise out of or are related in any way to the actual or alleged use by DHL, or its agents or affiliates on DHL's behalf, of an artificial or prerecorded voice, predictive dialer and/or of any automatic telephone dialing system (to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., relevant regulatory or administrative promulgations and case law), to place calls to persons whose contact information was purchased from a third party lead generator, including, but not limited to, claims under or for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., state or federal do-not-call regulations and any other state or federal statutory or analogous common law claim (including, but not limited to, state telemarketing laws and invasion of privacy) arising from the use of automatic telephone dialing systems, predictive dialer and/or an artificial or prerecorded voice (the "Released Claims") which have accrued on or before through the date of Preliminary Approval.

16

> This Release expressly extends to claims against non-Discover-related persons and third party lead generators from whom DHL purchased leads, including but not limited to, Adchemy, Bills.com, Billcut, Brokermatch, Fullbeaker, Leadpoint, LendingTree, Lowermybills, Moneytips, Quinstreet, VALoans, The Wisdom Companies and Saxum, but only as to claims arising from or in any way relating to calls placed by or on behalf of DHL.

Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective. This Paragraph constitutes a waiver of, without limitation as to any other applicable law, Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff and the Settlement Class Members understand and acknowledge the significance of the waiver of California Civil Code Section 1542 and/or any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the settlement, but that it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

17

I.    Attorneys' Fees And Costs.  No later than thirty (30) days prior to the Opt-Out and Objection Deadline, Plaintiff shall move the Court for an award of attorneys' fees and costs to be paid to Class Counsel from the Fund.  Discover reserves the right to oppose such a motion.  Class Counsel may receive payment of the fees and costs awarded by the Court within five (5) business days following the Effective Date and the Court's entry of an order awarding fees and costs.  Court approval of attorneys' fees and costs, or their amount, will not be a condition of the Settlement.  In addition, no interest will accrue on such amounts at any time.

J.    Service Awards.  No later than thirty (30) days prior to the Opt-Out and Objection Deadline, Plaintiff shall move the Court for service award(s) to be paid to Plaintiff and Polly Hansen from the Fund.  Discover shall not object to such a request provided that Plaintiff and Polly Hansen do not request more than $15,000 each as a service award.  Such service award(s) shall be paid at the time the attorneys' fees and costs payments to Class Counsel are due.  Court approval of the service award(s), or their amount, will not be a condition of the Settlement.  In addition, no interest will accrue on such amounts at any time.

K.    Opt-Out Right/Termination.

1.    Opt-Out Requirements.  Settlement Class Members may request exclusion from the Settlement by submitting an opt-out request through the Settlement Website or by sending a written request to the Settlement Administrator at the address designated in the Class Notice no later than the Opt-Out and Objection Deadline.  Exclusion requests must include: (i) the full name and address of the Settlement Class Member requesting exclusion; (ii) the telephone number called by DHL; (iii) the following statement: "I/we request to be excluded from the settlement in the Davenport action"; and (iv) for mailed opt-out requests, the Settlement Class Member's signature, and for opt-out requests submitted via the Settlement Website, the Settlement Class Member's electronic signature.  Exclusion requests must be signed by the Settlement Class Member who is requesting exclusion.  No request for exclusion will be valid unless timely submitted and all of the information described above is included.  No Settlement Class Member, or any person acting on behalf of or in concert or participation with that

18

Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

    2. <u>Retention of Exclusions</u>. The Settlement Administrator will retain a copy of all requests for exclusion and will, upon written request, provide copies of any such requests to counsel for the Parties.  Class Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a Settlement Class Member has properly opted-out.

    3. <u>Cap On Opt-Outs</u>.  All Settlement Class Members who do not opt-out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Action.  In the event that the number of valid opt-out requests exceeds 100 or more persons or entities, Discover, in its sole discretion, may terminate the Settlement.  Discover shall inform Class Counsel within 30 days after it is advised in writing that the number of valid opt-out requests is higher than 100 as to whether it will exercise the right of termination.  In the event that the Settlement is terminated pursuant to this provision, the Parties will be returned to the *status quo ante* as if no settlement had been negotiated or entered into.

    L. <u>Objections To The Settlement</u>.

    1. <u>Right To Object</u>.  Any Settlement Class Member who has not previously requested exclusion in accordance with the terms of this Agreement may appear at the Final Approval Hearing to object to the proposed Settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or the service awards, but only if the Settlement Class Member has first filed a written objection with the Court, in accordance with the requirements set forth below, by the Opt-Out and Objection Deadline.  Any Settlement Class Member who does not provide a timely, written objection in the manner described in this Section shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, or the award of any attorneys' fees and costs and/or service award.

2.      Objection Requirements.  To be heard at the Final Approval Hearing, the Settlement Class Member must make any objection in writing and file it with the Court by the Opt-Out and Objection Deadline.  Further, any Settlement Class Member who intends to appear at the Final Approval Hearing must file and serve on all parties a Notice of Intention to Appear with the Court.  In addition to filing it with the Court, the objection must also be mailed to each of the following, postmarked no later than the last day to file the objection: (i) Class Counsel – Terrell Marshall Law Group PLLC, 936 N 34th Street, Suite 300, Seattle, Washington 98103; and (ii) Discover's Counsel – Julia B. Strickland, Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067.  Any objection must:  (i) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member; (ii) include a statement of such Settlement Class Member's specific objections; and (iii) state the grounds for objection, as well as identify any documents which such objector desires the Court to consider.

M.      Final Approval.  Following completion of the Notice Program and expiration of the Opt-Out and Objection Period, Plaintiff shall promptly request that the Court enter the Final Approval Order, which shall specifically include provisions that: (a) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class; (b) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) approve the plan of distribution of the Fund; (d) finally certify the Settlement Class; (e) confirm that Plaintiff and the Settlement Class Members (except those who have timely and validly requested to opt out of the Settlement Class) have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims against the Released Parties; and (f) dismiss the Action with prejudice, without costs to any Party, except as provided in this Agreement.

N.     <u>Dismissal</u>.  Upon entry of the Final Approval Order, Plaintiff shall take all steps necessary to dismiss the Action with prejudice on behalf of Plaintiff and all Settlement Class Members.

O.     <u>No Admissions</u>.  Discover expressly disclaims and denies any wrongdoing or liability whatsoever.  This Settlement, and any and all negotiations, statements, documents and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by Discover of any liability or wrongdoing by Discover or any of its affiliates, agents, representatives, vendors or any other person or entity acting on its behalf, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief.

P.     <u>No Publicity Beyond Notice Procedures</u>.  Unless the Parties agree otherwise in writing, and with the exception of a notation of the existence of the Settlement on Class Counsel's respective websites and/or firm resumes, Class Counsel and/or Plaintiff agree not to issue press releases or initiate any public statements regarding the Settlement, with the exception of the Notices.  No party shall make any statements of any kind to any third party regarding the Settlement prior to filing a motion for preliminary approval with the Court, with the exception of the Settlement Administrator.  The Parties may make public statements to the Court as necessary to obtain preliminary or final approval of the Settlement and Class Counsel will not be prohibited from communicating with any person in the Settlement Class regarding the Action or the Settlement.  In all communications, all Parties must comply with all confidentiality agreements in the Action.  Plaintiff and Class Counsel shall refrain from disparaging any of the Released Parties publicly or taking any action designed or reasonably foreseeable to cause harm to the public perception of any of the Released Parties regarding any issue related in any way to the Action or the Settlement.

## IV.    <u>GENERAL PROVISIONS</u>

A.     <u>Settlement Conditioned Upon Approval</u>.  The Settlement is conditioned upon entry of the Preliminary Approval Order and Final Approval Order without material modification

by the Court.  In the event of failure to obtain any of the required provisions of such orders, including, but not limited to, the denial of any motion seeking Preliminary or Final Approval, the Parties will return, without prejudice, to the *status quo ante* as if no Settlement had been negotiated or entered into.  The Settlement and its existence shall be inadmissible to establish any fact relevant to any alleged liability of the Released Parties for the matters alleged in the Action or for any other purpose.

B.  <u>Evidentiary Preclusion</u>.  Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement:  (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any released claim, or of any wrongdoing or liability of the Released Parties; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency, arbitration or alternative dispute mechanism, or other tribunal; (iii) is or may be deemed a waiver of Discover's right to challenge class certification if this Settlement for any reason does not become Final; or (iv) is or may be deemed to be a waiver of Discover's right to seek to enforce any arbitration provision in other cases or against persons in the Settlement Class who opt out of the Settlement.  In addition, neither the fact of, nor any documents relating to, Discover's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever.  The Released Parties may file the Settlement Agreement and/or the judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or any other defense or counterclaim.

C.  <u>Destruction of Confidential Documents</u>.  It is agreed that, within thirty (30) days after the Effective Date, the originals and all copies of all confidential or highly confidential documents and/or information subject to all confidentiality agreements, including the protective order, in the Action shall be returned to the producing party or destroyed.  This obligation

extends to any confirmatory discovery, the Class List and those documents provided by DHL in connection with mediation and/or settlement discussions. Nothing in the Agreement shall require attorney work product or pleading files to be returned or destroyed.

D.   Confidentiality.   The Settlement, including the fact of the proposed Settlement, shall remain completely confidential until all documents are executed and a motion for preliminary approval of the Settlement is filed with the Court; provided, however, that the Parties may jointly report the pendency of the mediation and/or Settlement to the Courts in the Action. Discover may, at its sole discretion, disclose the Settlement to its auditors, regulators and any other parties as reasonably necessary.

E.   No Construction Against Drafter.   This Settlement Agreement will be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter will not apply.

F.   Entire Agreement.   This Agreement contains the entire agreement between the Parties and supersedes all prior understandings, agreements or writings regarding the subject matter of this Agreement.  This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives and approved by the Court.  The provisions of the Agreement may be waived only in a writing executed by the waiving party.  The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver, by that Party or by any other Party, of any other prior or subsequent breach of this Agreement.

G.   Authority.   Plaintiff and Discover represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation or entity included within the definitions of Plaintiff and Discover to all terms of this Agreement.  Any person executing this Agreement in a representative capacity represents and warrants that he or she has done so freely and he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

H.     No Assignment.  No party to this Agreement has heretofore assigned, transferred or granted, or purported to assign, transfer or grant, any of the claims, demands or cause or causes of action disposed of by this Agreement.

I.     Receipt of Advice of Counsel.  Each Party acknowledges, agrees and specifically warrants that he, she or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.  Each Party to this Agreement warrants she or it is acting upon her or its independent judgment and upon the advice of her or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Agreement.

J.     Agreement Binding on Successors in Interest.  This Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the Parties.

K.     Future Changes In Laws Or Regulations.  The Parties agree that changes in law shall not provide any basis for any attempt to alter, modify or invalidate this agreement.

L.     Execution In Counterparts.  The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

M.     Notices.  All notices to counsel provided for herein shall be sent by e-mail with a hard copy sent by overnight mail to:

| As to Plaintiff and the Settlement Class: | As to Discover: |
|---|---|
| TERRELL MARSHALL LAW GROUP PLLC<br>Beth Terrell<br>bterrell@terrellmarshall.com<br>936 N 34th Street, Suite 300<br>Seattle, Washington 98103 | STROOCK & STROOCK & LAVAN LLP<br>Julia B. Strickland<br>jstrickland@stroock.com<br>Arjun P. Rao<br>arao@stroock.com<br>2029 Century Park East<br>Los Angeles, California 90067 |

24

N.   <u>Retention of Jurisdiction</u>.  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the last date set forth below:

**PLAINTIFF**                                                                    Dated:  January /3, 2017

By:  _____

Sumner Davenport

**DISCOVER HOME LOANS, INC.**                                    Dated:  January ___, 2017

By:  _____

Its:  _____

**DISCOVER FINANCIAL SERVICES**                              Dated:  January ___, 2017

By:  _____

Its:  _____

**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL:**
TERRELL MARSHALL LAW GROUP PLLC                    Dated:  January ___, 2017

25

N.     Retention of Jurisdiction.  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the last date set forth below:

**PLAINTIFF**                                                      Dated: January ___, 2017


By:     _____
              Sumner Davenport

                                                                   Dated: January 13, 2017
**DISCOVER HOME LOANS, INC.**


By:     _____

Its:    Chief Executive Officer


                                                                   Dated: January 13, 2017
**DISCOVER FINANCIAL SERVICES**


By:     _____

Its:    Executive Vice President


**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL:**
TERRELL MARSHALL LAW GROUP PLLC                    Dated: January 13, 2017


25

By: _____

Beth E. Terrell

BURKE LAW OFFICE, LLC        Dated: January **3**, 2017

By: _____

Alexander H. Burke

SULTZER LAW GROUP        Dated: January ___, 2017

By: _____

Adam R. Gonnelli

**APPROVED AS TO FORM:**

**DISCOVER'S COUNSEL:**        Dated: January ___, 2017

STROOCK & STROOCK & LAVAN LLP

By: _____

Julia B. Strickland

By: _____
                Beth E. Terrell


BURKE LAW OFFICE, LLC                    Dated:  January ___, 2017


By: _____
                Alexander H. Burke


SULTZER LAW GROUP                        Dated:  January 13, 2017


By: _____   on behalf of
                Adam R. Gonnelli        Wand w/ permission
                                           of


**APPROVED AS TO FORM:**

**DISCOVER'S COUNSEL:**                  Dated:  January ___, 2017
STROOCK & STROOCK & LAVAN LLP


By: _____
                Julia B. Strickland


26

By: _____
          Beth E. Terrell


BURKE LAW OFFICE, LLC               Dated: January ___, 2017


By: _____
          Alexander H. Burke


SULTZER LAW GROUP               Dated: January ___, 2017


By: _____
          Adam R. Gonnelli


**APPROVED AS TO FORM:**

**DISCOVER'S COUNSEL:**              Dated: January _13_, 2017
STROOCK & STROOCK & LAVAN LLP

By: _____
          Julia B. Strickland

26

## **EXHIBIT A**

## **CLAIM FORM**

*Davenport v. Discover Home Loans, Inc.,* **U.S.D.C.,**
**Northern District of Illinois, Case No. 1:15-CV-6052**

Settlement Administrator
PO Box [_____]
[_____]

**Toll Free Number: x-xxx-xxx-xxxx**
**Website: www._____.com**

<<mail id>>
<<Name1>>
<<Name2>>
<<Address1>>
<<Address2>>
<<City>><<State>><<Zip>>

## CLAIM FORM BY MAIL

**TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE
ALL OF THE INFORMATION BELOW AND YOU MUST SIGN THIS CLAIM FORM.**

**YOUR CLAIM FORM MUST BE POSTMARKED BY _____, 2017.**

1.  **CLAIMANT INFORMATION:**

_____  _____  _____
FIRST NAME                       MIDDLE NAME           LAST NAME

_____
ADDRESS 1

_____
ADDRESS 2

_____  _____  _____  -  _____
CITY                                                      STATE    ZIP            (optional)

2.  **AFFIRMATION:**

By signing below, I declare, under penalty of perjury under the laws of the United States, that, on or after June 1, 2012 through July 31, 2015, I received one or more telemarketing calls from Discover Home Loans, Inc. at the telephone number(s) listed below.

      Telephone Number(s) At Which Calls Were Received: _____

      Signature: _____

      Name (please print): _____

      Date: _____

## QUESTIONS? VISIT [Internet URL] OR CALL [_____].

***Davenport v. Discover Home Loans, Inc.***, U.S.D.C.,
**Northern District of Illinois, Case No. 1:15-CV-6052**

Settlement Administrator                                      **Toll Free Number: x-xxx-xxx-xxxx**
PO Box [_____]                                      **Website: www._____.com**
[_____]

<<mail id>>
<<Name1>>
<<Name2>>
<<Address1>>
<<Address2>>
<<City>><<State>><<Zip>>

## ELECTRONIC CLAIM FORM

TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE
<u>ALL</u> OF THE INFORMATION BELOW AND YOU MUST ELECTRONICALLY <u>SIGN</u> THIS CLAIM FORM.

**YOUR CLAIM FORM MUST BE <u>SUBMITTED</u> BY _____, 2017.**

1. **<u>CLAIMANT INFORMATION:</u>**

_____  _____  _____
FIRST NAME                                      MIDDLE NAME            LAST NAME

_____
ADDRESS 1

_____
ADDRESS 2

_____  _____  _____ - _____
CITY                                                                            STATE          ZIP                  (optional)

2. **<u>AFFIRMATION:</u>**

By signing below, I declare, under penalty of perjury under the laws of the United States, that, on or after June 1, 2012 through July 31, 2015, I received one or more telemarketing calls from Discover Home Loans, Inc. at the telephone number(s) listed below.

Telephone Number(s) At Which Calls Were Received: _____

Signature: _____

Name (please print): _____

Date: _____

## QUESTIONS? VISIT [Internet URL] OR CALL [_____].

**<u>EXHIBIT B</u>**

**<u>E-MAIL NOTICE</u>**

**Exhibit B – E-Mail Notice**

*Sumner Davenport ("Plaintiff") v. Discover Financial Services ("DFS") and Discover Home Loans, Inc. ("DHL" and together, with DFS, "Discover"),* **United States District Court for the Northern District of Illinois, Case No. 1:15-CV-6052**

> **DHL's records indicate that you may be a member of the proposed "Settlement Class" in this action, which includes all persons to whom DHL made, from June 1, 2012 through July 31, 2015, one or more non-emergency telephone calls (a) promoting goods or services through the use of an automatic telephone dialing system or an artificial or prerecorded voice and whose contact information DHL purchased from a third party lead generator, or (b) to a cellular or residential telephone number registered on the National Do Not Call Registry and who received more than one such call within any twelve-month period and whose contact information DHL purchased from a third party lead generator. A person who does not exclude him or herself is a "Settlement Class Member."**

**The purpose of this Notice is to inform the Settlement Class of the terms of the settlement and important deadlines relating to the settlement, as summarized below and described more fully on the Settlement Website: www.XXX.com. You may also call the Toll-Free Settlement Hotline, 1-XXX-XXX-XXXX.**

Plaintiff claims that DHL violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., by placing telemarketing calls, between June 1, 2012 and July 31, 2015, to cellular telephones, through the use of an automatic telephone dialing system or an artificial or prerecorded voice without prior express written consent and by placing more than one telemarketing call within any twelve-month period to telephone numbers on the National Do Not Call Registry. Discover denies these allegations and denies any claim of wrongdoing. The Court has not ruled on the merits of Plaintiff's claims or Discover's defenses.

### TERMS OF THE SETTLEMENT

Discover has agreed to pay $5,000,000 into a settlement fund, which will pay for the costs of notice and administration of the settlement, Settlement Class Members' claims, attorneys' fees to Class Counsel not to exceed $1,466,000 and Class Counsel's out-of-pocket expenses as approved by the Court, incentive awards of $15,000 each to Plaintiff as well as Polly Hansen, if approved by the Court, and a potential charitable contribution. **Class Counsel estimate that a Settlement Class Member who submits a valid claim form ("Claim Form") may receive a cash award in the range of $25 to $50.**

### DEADLINES UNDER THE SETTLEMENT

- **Submit a Claim Form. In order to receive benefits under the settlement, you must submit a valid Claim Form by no later than Month XX, 20XX.** Claim Forms may be obtained on the Settlement Website, www.XXX.com, or by calling the Toll-Free Settlement Hotline, 1-XXX-XXX-XXXX. Claim Forms must be submitted by mail or through the Settlement Website. Settlement Class Members may only submit one claim. More details can be found on the Settlement Website.

- **Exclude Yourself. To exclude yourself from the settlement, submit a written exclusion request postmarked on or before Month XX, 20XX** to the Claims Administrator at _____. To be valid, the written exclusion request must contain specific information that is described through the Settlement Website, www.XXX.com. If you do not submit a valid and timely exclusion request, you will be bound by the terms of the settlement and you will give up your right to sue regarding telemarketing calls placed by DHL to you between June 1, 2012 and July 31, 2015.

- **Object. To object to or comment on the settlement or Class Counsel's Attorneys' Fee and Cost Request ("Fee Request"), you must file an objection with the Court by Month XX, 20XX.** To be valid, objections must contain specific information that is described through the Settlement Website, www.XXX.com. **Class Counsel is requesting attorneys' fees of $1,466,000 as well as out-of-pocket expenses out of the settlement fund. Class Counsel's Fee Request and documents in support of it will be available for viewing on the Settlement Website by Month XX, 20XX.** Anyone who objects to the settlement may ask to appear at the Final Approval Hearing, described below. If your objection is valid and submitted on time, the Court will consider it whether or not you appear at the hearing. Even if you submit a valid and timely objection, to benefit from this settlement you must complete a Claim Form.

- **<u>Do Nothing</u>.** If you do nothing, you will not receive any monetary award; and you will lose the right to sue regarding telemarketing calls placed by DHL to you.

- **<u>Final Approval Hearing</u>. The Final Approval Hearing will take place on <mark>Month XX, 20XX</mark> at <mark>9:00</mark> a.m.** in Courtroom 2319 – 23rd Floor at the U.S. District Court for the Northern District of Illinois, located at 219 South Dearborn Street, Chicago, Illinois, 60604.

**Complete details about your rights and options are available on the Settlement Website, <mark>www.XXX.com</mark>. If you have further questions, you can call the Toll-Free Settlement Hotline, <mark>1-XXX-XXX-XXXX</mark>. Please do not call the Court, Discover or Discover's Counsel.**

---

The United States District Court for the Northern District of Illinois has ordered this email notice to be sent. If you wish to UNSUBSCRIBE from future email messages from the settlement administrator with regard to this Settlement, please click on this link.

**<u>EXHIBIT C</u>**

**<u>MAIL NOTICE</u>**

Exhibit C
Mail Notice

**Discover Settlement Claims Administrator**
P.O. Box XXXXX
City, State Zip Code

«Barcode»

Postal Service: Please do not mark barcode

Claim#: WLR-«ClaimID»-«MailRec»
«First1» «Last1»
«CO»
«Addr2»
«Addr1»
«City», «St» «Zip»
«Country»

A COURT AUTHORIZED
THIS LEGAL NOTICE

**If, from June 1, 2012 through July 31, 2015, you received automated telephone calls or calls to a number registered on the National Do Not Call Registry from Discover Home Loans, Inc., you may be entitled to benefits from a class action settlement.**

A settlement has been reached in a class action lawsuit, *Davenport v. Discover Financial Services, et al.,* No. 1:15-cv-6052 (N.D. Ill.), where plaintiff alleges that Discover Home Loans ("DHL") placed unwanted automated telephone calls and telephone calls to numbers on the National Do Not Call Registry. DHL denies these allegations and has asserted defenses. In agreeing to settle, DHL does not admit any wrongdoing.

## WHO IS A CLASS MEMBER?

You may be in the Settlement Class if DHL purchased your contact information from a third party lead generator and used that contact information to make one or more non-emergency calls, between June 1, 2015 and July 31, 2015, (a) to a telephone number promoting goods or services using an automatic telephone dialing system or an artificial or prerecorded voice, or (b) within any twelve-month period to a telephone number registered on the National Do Not Call Registry.

## SETTLEMENT TERMS

DHL has agreed to pay $5,000,000 into a settlement fund that will cover: (1) cash payments to eligible Settlement Class Members who submit Claim Forms; (2) attorneys' fees to Class Counsel not to exceed $1,466,000 and Class Counsel's out-of-pocket expenses as approved by the Court; (3) court-approved service awards of $15,000 each to Plaintiff and Polly Hansen; and (4) the costs of administering the settlement. Your share of the fund will depend on the number of claims made. Class Counsel estimates you will receive approximately $25-$50. The $5,000,000 will be divided among Settlement Class Members who make timely, valid claims after deducting settlement expenses, service awards, and attorneys' fees and costs.

## YOUR RIGHTS AND OPTIONS

**Submit a Claim Form.** To receive a cash award, you must submit a valid Claim Form by no later than Month XX, XXXX. Claim Forms may be obtained on the Settlement Website, www.XXX.com, or by calling 1-XXX-XXX-XXXX. Claim Forms must be submitted through the Settlement Website or by mail to the Claims Administrator at Discover Settlement Claims Administrator, P.O. Box XXXXXX, City, State Zip Code. Settlement Class Members may only submit one claim.

**Exclude Yourself.** You may also exclude yourself from the lawsuit and keep your right to sue DHL on your own by sending a written request for exclusion to the Claims Administrator by Month XX, XXXX. If you do not exclude yourself, you will be bound by the settlement and give up your right to sue regarding the settled claims. Please see the Settlement Website, www.XXX.com, for more details.

**Object.** If you do not exclude yourself, you have the right to comment or object to the proposed settlement. Written objections must be signed, postmarked by Month XX, XXXX, and provide the reasons for the objection. Please see Settlement Website, www.XXX.com, for more details.

**Do Nothing.** If you do nothing, you will not receive any payment and will lose the right to sue regarding any issues relating to this action. You will be considered part of the Settlement Class, and you will be bound by the Court's decisions.

**Attend the Final Approval Hearing.** The Court has set a hearing to decide whether the settlement should be approved on Month XX, XXXX at X:00 a.m. in Courtroom 2319 – 23rd Floor at the U.S. District Court for the Northern District of Illinois, located at 219 South Dearborn Street, Chicago, IL 60604. All persons who timely object to the settlement by Month XX, XXXX may ask to appear at the Final Approval Hearing. The Court will also consider Class Counsel's fee request, which will be posted on Settlement website on Month XX, XXXX.

**This Notice is only a summary. Details about the settlement can be found on the website: www.XXX.com.**

**Please do not contact the Court, DHL or DHL's attorneys.**

## **EXHIBIT D**

## **WEBSITE NOTICE**

## Exhibit D – Website Notice

*Sumner Davenport ("Plaintiff") v. Discover Financial Services ("DFS") and Discover Home Loans, Inc. ("DHL" and together, with DFS, "Discover"),*
**United States District Court for the Northern District of Illinois,**
**Case No. 1:15-CV-6052**

# If you received telemarketing calls from DHL between June 1, 2012 through July 31, 2015, you may be entitled to benefits under a class action settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- A proposed settlement will provide $5,000,000 into a fund from which eligible persons who file claims will receive cash awards (the "Settlement Fund"). The cash awards are estimated to be approximately $25-50 per claim.

- The settlement fully resolves a lawsuit involving allegations that Discover violated the Telephone Consumer Protection Act (the "TCPA") by placing telemarketing calls between June 1, 2012 and July 31, 2015.

- You are in the "Settlement Class" if DHL purchased your contact information from a third party lead generator and used that contact information to make (a) one or more non-emergency calls, between June 1, 2015 and July 31, 2015, to a telephone number promoting goods or services using an automatic telephone dialing system or an artificial or prerecorded voice, or (b) more than one call within any twelve-month period to a cellular or residential telephone number registered on the National Do Not Call Registry. A person who does not exclude him or herself is a "Settlement Class Member."

- Discover denies all allegations and denies any claim of wrongdoing. The Court has not ruled on the merits of Plaintiff's claims or Discover's defenses. By entering into the settlement, Discover has not conceded the truth or validity of any of the claims against it.

- The Settlement Fund will be used to pay all amounts related to the settlement, including settlement awards to Settlement Class Members, attorneys' fees and costs to attorneys representing Plaintiff and the Settlement Class ("Class Counsel"), any service awards to Plaintiff and Polly Hansen, the reasonable costs of notice and administration of the settlement up to $1,000,000, and a possible charitable contribution if there are uncashed settlement award checks.

- Class Counsel will ask the Court for up to $1,466,000 of the Settlement Fund as fees and additional money to reimburse them for the out-of-pocket expenses they paid to investigate the facts, litigate the case, and negotiate the settlement.

- Your legal rights are affected whether you act or don't act. Please read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY MONTH XX, 20XX** | This is the only way to receive a payment. You will give up your rights to sue Discover about the legal claims in this case. |
| **EXCLUDE YOURSELF BY MONTH XX, 20XX** | Get no payment. This is the only option that allows you to ever sue Discover on your own regarding the legal claims in this case. |
| **OBJECT BY MONTH XX, 20XX** | Write to the Court about why you believe the settlement is unfair in any respect. Even if you file a valid and timely objection, you can still submit a claim form to receive a payment. |
| **ATTEND A HEARING ON MONTH XX, 20XX** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Settlement award payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

# BASIC INFORMATION

### 1. What is the purpose of this Notice?

The purpose of this Notice is to inform you that a proposed settlement has been reached in the putative class action lawsuit entitled *Davenport v. Discover Financial Services, et al.*, Case No. 1:15-CV-6052 (N.D. Ill.). Because your rights may be affected by this settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it.

### 2. What does it mean if I received an e-mail or postcard about this settlement?

If you received an e-mail or postcard describing this settlement, that is because DHL's records indicate that you are a potential member of the Settlement Class. You are a member of the Settlement Class if DHL purchased your contact information from a third party lead generator and used that contact information to make (a) one or more non-emergency calls, between June 1,

2015 and July 31, 2015 to a telephone number promoting goods or services using an automatic telephone dialing system or an artificial or prerecorded voice, or (b) two or more calls within any twelve-month period to a cellular or residential telephone number registered on the National Do Not Call Registry.

| **3. What is this class action lawsuit about?** |

In a class action, one or more people called a Class Representative (here, Plaintiff) sues on behalf of people who allegedly have similar claims. This group is called a class and the persons included are called class members. One court resolves the issues for all of the class members, except for those who exclude themselves from the class.

Here, Plaintiff claims DHL violated the TCPA by placing telemarketing calls, between June 1, 2012 and July 31, 2015, (a) to a residential or cellular telephone number using an automatic telephone dialing system or an artificial or prerecorded voice, or (b) within any twelve-month period to a telephone number registered on the National Do Not Call Registry.

Discover denies these allegations and denies any claim of wrongdoing. The Court has not ruled on the merits of Plaintiff's claims or Discover's defenses. By entering into the settlement, Discover has not conceded the truth or validity of any of the claims against it.

The Court has conditionally certified a class action for settlement purposes only. The Honorable Virginia M. Kendall (the "Court") is presiding over this action.

| **4. Why is there a settlement?** |

The Court did not decide in favor of Plaintiff or Discover. Instead, both sides agreed to this settlement. That way, they avoid the risk and cost of a trial, and the Settlement Class Members are eligible to receive compensation. Plaintiff and Class Counsel think the settlement is best for all persons in the Settlement Class.

# WHO IS IN THE SETTLEMENT CLASS?

| **5. How do I know if I am a part of the settlement class?** |

The Court has certified a class action for settlement purposes only. You are in the Settlement Class if DHL purchased your contact information from a third party lead generator and used that contact information to make (a) one or more non-emergency calls, between June 1, 2015 and July 31, 2015, to a telephone number promoting goods or services using an automatic telephone dialing system or an artificial or prerecorded voice, or (b) two or more calls within any twelve-month period to a cellular or residential telephone number registered on the National Do Not Call Registry.

The Settlement Class does *not* include any persons who validly request exclusion from the Settlement Class, as described under Question 14. A person who does not exclude him or herself is a "Settlement Class Member."

If you are still not sure whether you are included in the Settlement Class, you can visit other sections of the Settlement Website, www.XXX.com, you may write to the Settlement Administrator at _____, or you may call the Toll-Free Settlement Hotline, 1-XXX-XXX-XXXX, for more information.

# THE LAWYERS REPRESENTING YOU

**6. Do I have lawyers in this case?**

The Court has appointed the law firms of Terrell Marshall Law Group PLLC, Burke Law Office, LLC, and Sultzer Law Group as Class Counsel to represent you and the other persons in the Settlement Class. You will not be personally charged by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**7. How will Class Counsel and Plaintiff be paid?**

Class Counsel will ask the Court to approve payment of up to $1,466,000 to them for attorneys' fees. This amounts to one-third of the $5,000,000 Settlement Fund after notice expenses have been deducted. Class Counsel will also ask the Court to approve payment of their out-of-pocket expenses. This payment would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel also will ask the Court to approve payment of $15,000 each to Plaintiff and Polly Hansen for their services as Class Representatives. The Court may award less than these amounts. Discover reserves the right to oppose these requests.

# THE SETTLEMENT BENEFITS

**8. What does the settlement provide?**

Discover will pay $5,000,000 to cover the costs of settlement including: (1) cash awards to Settlement Class Members who submit a valid and timely claim form; (2) an award of attorneys' fees to Class Counsel not to exceed $1,466,000 and Class Counsel's out-of-pocket expenses as approved by the Court; (3) service awards to Plaintiff and Polly Hansen, in an amount not to exceed $15,000 each, as approved by the Court; (4) the reasonable costs of notice and administration of the settlement up to $1,000,000; and (5) under certain circumstances as described below, a charitable contribution. If the reasonable notice and administration costs exceed $1,000,000, Discover will pay the reasonable amount in excess of $1,000,000.

**No Portion of the Settlement Fund Will Return to Discover.** Any money remaining in the Settlement Fund after paying settlement awards to Settlement Class Members who submit valid and timely claim forms, attorneys' fees and costs to Class Counsel, any service award to Plaintiff and/or Polly Hansen, and the costs of notice and administration of the settlement, will be paid either: (1) in a second distribution to Settlement Class Members whose initial settlement awards were cashed; or (2) if there are not enough funds to justify a second distribution, the remaining funds will be donated to _____. No portion of the Settlement Fund will return to Discover.

**9. How much will my settlement award be?**

Your share of the Settlement Fund will depend on the number of valid claim forms that Settlement Class Members submit. Class Counsel estimate that the amount of the settlement award (while dependent upon the number of claims) may be within the range of $25 to $50.

## 10. What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the settlement, you will be part of the Settlement Class, and you will be bound by the release of claims in the settlement. This means that, if the settlement is approved, you cannot sue, continue to sue, or be part of any other lawsuit against Discover or any other released parties asserting a released claim. It also means that all of the Court's orders will apply to you and legally bind you.

Unless you opt out of the settlement, you will agree to release Discover and any other released parties from any and all claims that arise from the telemarketing calls at issue in this action. The release provides:

> Plaintiff and each and all Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and any authorized users of their accounts, will be deemed to have fully released and forever discharged Discover Financial Services, Discover Home Loans, Inc., and each and all of its and their present, former and future direct and indirect parents, affiliates, subsidiaries, agents, successors, and/or predecessors in interest and all of the aforementioneds' respective officers, directors, employees, attorneys, shareholders, agents, vendors and assigns (together, the "Released Parties") from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law, whether by Constitution, statute, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory as of the date of Preliminary Approval that arise out of or are related in any way to the actual or alleged use by DHL, or its agents or affiliates on DHL's behalf, of an artificial or prerecorded voice, predictive dialer and/or of any automatic telephone dialing system (to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., relevant regulatory or administrative promulgations and case law), to place calls to persons whose contact information was purchased from a third party lead generator, including, but not limited to, claims under or for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., state or federal do-not-call regulations and any other state or federal statutory or analogous common law claim (including, but not limited to, state telemarketing laws and invasion of privacy) arising from the use of automatic telephone dialing systems, predictive dialer and/or an artificial or prerecorded voice (the "Released Claims") which have accrued on or before through the date of Preliminary Approval. This Release expressly extends to claims against non-Discover-related persons and third party lead generators from whom DHL purchased leads, including but not limited to, Adchemy, Bills.com, Billcut, Brokermatch, Fullbeaker, Leadpoint, LendingTree,

Lowermybills, Moneytips, Quinstreet, VALoans, The Wisdom Companies and Saxum, but only as to claims arising from or in any way relating to calls placed by or on behalf of DHL.

Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective. This Paragraph constitutes a waiver of, without limitation as to any other applicable law, Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff and the Settlement Class Members understand and acknowledge the significance of the waiver of California Civil Code Section 1542 and/or any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the settlement, but that it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

If you have any questions about the release or what it means, you can speak to Class Counsel, listed under Question 6, for free, or you can, at your own expense, talk to your own lawyer. The release does not apply to persons in the Settlement Class who timely exclude themselves.

## HOW TO OBTAIN A SETTLEMENT AWARD

**11. How can I get a settlement award?**

To qualify for a settlement award, you must send in a claim form by Month XX, 20XX. You may get a claim form on the Settlement Website, www.XXX.com, or by calling the Toll-Free Settlement Hotline, 1-XXX-XXX-XXXX. **Read the instructions carefully, fill out the claim form completely and accurately, sign it, and submit it**. To be valid, the claim form must be completed fully and accurately and submitted timely. A claim form may be submitted by mail to the claims administrator at: _____ or via the Settlement Website. If you are submitting your claim via the Settlement Website, it must be submitted no later than Month XX, 20XX. If you are mailing your claim form to the claims administrator, it must be postmarked by Month XX, 20XX.

## WHEN WILL I RECEIVE MY SETTLEMENT AWARD?

**12.  When would I receive a settlement award?**

The Court will hold a Final Approval Hearing on Month XX, 20XX to decide whether to approve the settlement.  If the Court approves the settlement, after that, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Everyone entitled to a settlement award will be informed of the progress of the settlement through information posted on the Settlement Website at www.XXX.com.  Please be patient.

**13.  Will my settlement award expire?**

Yes.  Settlement awards are only valid for 120 days after the date on the check.  If you fail to cash the check within the 120 day time period, you will be deemed to have forever waived and released your claim for payment.  Please act promptly.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**14.  How do I get out of the settlement?**

If you want to keep the right to sue or continue to sue Discover or a Released Party arising out of a Released Claim, then you must take steps to get out of the Settlement Class.  This is called excluding yourself from, or opting out of, the Settlement Class.

You may request exclusion from the Settlement by submitting an opt-out request through the Settlement Website or by sending a written request to the Settlement Administrator.  Exclusion requests must include: (1) the full name and address of the Settlement Class Member requesting exclusion; (2) the telephone number called by DHL; (3) the following statement: "I/we request to be excluded from the settlement in the Davenport action"; and (4) for mailed opt-out requests, the Settlement Class Member's signature, and for opt-out requests submitted via the Settlement Website, the Settlement Class Member's electronic signature.  Exclusion requests must be signed by the Settlement Class Member who is requesting exclusion.  No request for exclusion will be valid unless timely submitted and all of the information described above is included.  No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

**If you are submitting your exclusion request via the Settlement Website, it must be submitted no later than Month XX, 20XX.  If you are mailing your exclusion request to the claims administrator, it must be postmarked by Month XX, 20XX and mailed to the following address:**

Discover Settlement Claims Administrator
P.O. Box XXXXX
City, State Zip Code

You cannot exclude yourself on the phone or by fax or email.  If you ask to be excluded, you will not get any payment, and you cannot object to the settlement.  You will not be legally bound by

anything that happens in this lawsuit. You may be able to sue (or continue to sue) Discover or a Released Party in the future.

| **15.  If I do not exclude myself, can I sue Discover for the same thing later?** |
| --- |

No.  If you do not exclude yourself, you give up any right to sue (or continue to sue) Discover or any Released Parties for the Released Claims that this settlement resolves.  If you already have a lawsuit that may relate to the claims being released as part of this class settlement, you should speak to your lawyer in that case immediately.  You must exclude yourself from this Settlement Class to continue your own lawsuit.  Remember, the exclusion deadline is Month XX, 20XX.

| **16.  If I exclude myself, can I get a benefit from this settlement?** |
| --- |

No.  If you ask to be excluded, you will not receive a settlement award and you cannot object to the settlement.  However, in the event a member of the Settlement Class submits both an exclusion request and a claim form, the claim form will control.

# OBJECTING TO THE SETTLEMENT

| **17.  How do I tell the Court that I do not think the settlement is fair?** |
| --- |

If you are in the Settlement Class and do not exclude yourself, you can object to the settlement or any part of the settlement that you think the Court should reject, and the Court will consider your views.  If you do not provide a timely, written objection in the manner described below, you are deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the settlement, including as to the award of any attorneys' fees and costs to Class Counsel and/or service award to Plaintiff or Polly Hansen.

To object, you must make your objection in writing, stating that you object to the settlement in Davenport v. Discover Financial Services.  You must make your objection in writing and file it with the Court.  To be valid, the written objection must (1) contain information sufficient to allow the Parties to confirm that you are a Settlement Class Member; (2) include a statement of your specific objections; and (3) state the grounds for objection, as well as identify or attach any documents you would like the Court to consider.

**To be considered, you must file your objections with the Court at the address below and mail your objections to Counsel for Plaintiff and Discover at the addresses below no later than Month XX, 20XX.**

*Davenport v. Discover Financial Services*
Case No. 1:15-cv-06052
Clerk of the Court
U.S. District Court for the Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

For Plaintiff:                              For Discover:

TERRELL MARSHALL LAW GROUP PLLC
Jennifer Rust Murray
936 North 34th Street, Suite 300
Seattle, WA 98103

STROOCK & STROOCK & LAVAN LLP
Julia B. Strickland / Arjun Rao
2029 Century Park East
Los Angeles, CA 90067-3086

**18. What is the difference between objecting and excluding?**

Objecting is telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself means that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you. If you both object and request to exclude yourself, the request to exclude yourself will control.

## IF YOU DO NOTHING

**19. What happens if I do nothing at all?**

If you do nothing, you will not receive a settlement award and you will give up your rights to sue Discover and/or any other Released Parties on a Released Claim. For more information relating to what rights you are giving up, see Question 10.

## THE FINAL APPROVAL HEARING

**20. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing at 9:00 a.m. on Month, XX, 20XX at the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, 60604, in Courtroom 2319 – 23rd Floor. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are valid objections that comply with the requirements in Question 17 above, the Court also will consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel as well as Plaintiff and Polly Hansen.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates.

**21. Do I have to come to the hearing?**

No. Class Counsel will appear on behalf of the Settlement Class. But, you are welcome to come, or have your own lawyer appear, at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time, and meets the other criteria described in the settlement agreement, the Court will consider it.

**22. May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 17 above. To speak at the Final Approval Hearing, you must also file a document with the Court stating your intention to appear. For this document to be considered, you must say that it is your "Notice of Intention to Appear" in "*Davenport v. Discover Financial Services, et al.*, Case No. 1:15-cv-06052." The document must also include your name, address, telephone number, that you are a class member, and your signature. The document must be filed with the Court at the address in Question 17 no later than Month XX, 20XX. You cannot speak at the hearing if you exclude yourself from the settlement.

# GETTING MORE INFORMATION

| 23. How do I get more information? |
| --- |

This notice is only a summary of the proposed settlement. More details are in the settlement agreement. You can get a copy of the settlement agreement by visiting the Settlement Website, www.XXX.com, or you can write to the address below or call the Toll-Free Settlement Hotline, 1-XXX-XXX-XXXX.

**PLEASE DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, DISCOVER OR DISCOVER'S COUNSEL ABOUT THE SETTLEMENT. TELEPHONE REPRESENTATIVES WHO ANSWER CALLS MADE TO THE TOLL-FREE NUMBER ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**

[SETTLEMENT ADMIN NAME]
[ADDRESS]

**EXHIBIT E**

**PRELIMINARY APPROVAL ORDER**

**Exhibit E – Preliminary Approval Order**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUMNER DAVENPORT, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>DISCOVER FINANCIAL SERVICES and DISCOVER HOME LOANS, INC.<br><br>    Defendants. | NO. 1:15-cv-06052<br><br>Honorable Virginia M. Kendall |

**[PROPOSED] ORDER  (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING**

This matter came before the Court on Plaintiff's Motion for Preliminary Approval of the proposed class action settlement (the "Settlement") of the case entitled <u>Sumner Davenport v. Discover Financial Services, et al.</u>, United States District Court for the Northern District of Illinois, Case No. 1:15-cv-6052 (the "Action"). The Action was brought by plaintiff Sumner Davenport ("Plaintiff"), individually and on behalf of all others similarly situated, against defendants Discover Financial Services ("DFS") and Discover Home Loans, Inc. ("DHL" and together, with DFS, "Discover." Collectively, Discover and Plaintiff are referred to herein as the "Parties"). Based on this Court's review of the Parties' Settlement Agreement and Release (the "Agreement"), Plaintiff's Motion for Preliminary Approval of Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Parties, and all members of the Settlement Class.

3. <u>Scope of Settlement</u>. The Agreement resolves all claims alleged in the Amended Class Action Complaint filed in the Action on March 16, 2016. <u>See</u> Dkt. No. 55.

4. <u>Preliminary Approval of Proposed Settlement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Settlement is fair, reasonable and adequate, and within the range of possible approval; (b) the Settlement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; (c) with respect to the forms of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration (Exs. A, B, C and D to the Agreement), that notice

provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of

due process and Federal Rule of Civil Procedure 23; and (d) with respect to the proposed notice

plan, that the notice program constitutes the best notice practicable under the circumstances.

Therefore, the Court grants preliminary approval of the Settlement.

5.        Class Certification for Settlement Purposes Only.  The Court, pursuant to Rule

23 of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement

only, the following Settlement Class:

> All persons to whom DHL made, from June 1, 2012 through July
> 31, 2015, one or more non-emergency telephone calls (a)
> promoting goods or services through the use of an automatic
> telephone dialing system or an artificial or prerecorded voice and
> whose contact information DHL purchased from a third party lead
> generator, or (b) to a cellular or residential telephone number
> registered on the National Do Not Call Registry and who received
> more than one such call within any twelve-month period and
> whose contact information DHL purchased from a third party lead
> generator.  Excluded from the Settlement Class are all persons who
> timely and validly request exclusion from the Settlement Class.

6.        In connection with this conditional certification, the Court makes the following

preliminary findings:

(a)        The Settlement Class appears to be so numerous that joinder of all

members is impracticable;

(b)        There appear to be questions of law or fact common to the Settlement

Class for purposes of determining whether the Settlement should be approved;

(c)        Plaintiff's claims appear to be typical of the claims being resolved through

the Settlement;

(d)        Plaintiff appears to be capable of fairly and adequately protecting the

interests of all members of the Settlement Class in connection with the Settlement;

- 3 -

(e)     For purposes of determining whether the Settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual members of the Settlement Class.  Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f)     For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

7.     <u>Class Representative</u>.  The Court appoints Plaintiff to act as the representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8.     <u>Class Counsel</u>.  The Court appoints Terrell Marshall Law Group PLLC, Burke Law Office, LLC and Sultzer Law Group as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9.     <u>Final Approval Hearing</u>.  At _____ _.m. on _____, 2017, in Courtroom 2319 of the Everett McKinley Dirksen Building, United States Courthouse, 219 Dearborn Street, Chicago, Illinois, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether to:  (a) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class; (b) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) approve the plan of distribution of the Fund; (d) finally certify the Settlement Class; (e) confirm that Plaintiff and the Settlement Class Members (except those who have timely and validly requested to opt out of the Settlement Class) have released all Released Claims and are permanently barred and enjoined

from asserting, commencing, prosecuting, or continuing any of the Released Claims against the Released Parties; and (f) dismiss the Action with prejudice, without costs to any Party, except as provided in this Agreement. At the Final Approval Hearing, the Court will also determine whether Class Counsel's application for attorneys' fees and expenses, and service awards to Plaintiff and/or Polly Hansen, should be granted, and in what amount. No later than _____, 2017, Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses and the service awards to Plaintiff and Polly Hansen. No later than _____, 2017, which is fourteen (14) days prior to the Final Approval Hearing, papers in support of final approval of the Settlement and response to any written objections must be filed. If a Settlement Class Member would like to speak at the Final Approval Hearing, he, she or it must file a notice with the Court providing name, address, telephone number and the signature of the Settlement Class Member no later than _____.

10. <u>Settlement Administrator</u>. The Parties shall file their motion for appointment of a Settlement Administrator no later than fifty (50) days after the date of entry of this Order.

11. <u>Class Notice</u>. The Court approves the proposed plan for giving notice to the Settlement Class directly (using e-mail and post cards), through a one-time publication in a print publication with nationwide circulation and through establishment of a Settlement Website, as more fully described in Plaintiff's Motion and the Agreement ("Notice Plan"). The Notice Plan, in form, method and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the Notice Plan no later than _____, 2017, which is ninety (90) calendar days after entry of this Order ("Notice Deadline").

- 5 -

12.     The Settlement Administrator will file with the Court by no later than

_____, 2017, which is fourteen (14) days prior to the Final Approval Hearing, proof that

notice was provided in accordance with the Agreement and this Order.

13.     Opt-Out and Objection Deadline.  Persons in the Settlement Class who wish to

either object to the Settlement or request exclusion from the Settlement Class must do so by

_____, 2017, which is ninety (90) calendar days after the Notice Deadline.  Persons in the

Settlement Class may not both object and opt-out.  If a person both requests to opt-out and

objects, the request to opt-out will control.

14.     Exclusion from the Settlement Class.  To request exclusion from the Settlement

Class, a person in the Settlement Class must follow the directions in the Class Notice and send a

compliant request to the Settlement Administrator at the address designated in the Class Notice

by the Opt-Out and Objection Deadline.  Exclusion requests must include: (a) the full name and

address of the Settlement Class Member requesting exclusion; (b) the telephone number called

by DHL; (c) the following statement: "I/we request to be excluded from the settlement in the

Davenport action"; and (d) for mailed opt-out requests, the Settlement Class Member's signature,

and for opt-out requests submitted via the Settlement Website, the Settlement Class Member's

electronic signature.  Exclusion requests must be signed by the Settlement Class Member who is

requesting exclusion.  No request for exclusion will be valid unless timely submitted and all of

the information described above is included.  No Settlement Class Member, or any person acting

on behalf of or in concert or participation with that Settlement Class Member, may exclude any

other Settlement Class Member from the Settlement Class.

15.     The Settlement Administrator will retain a copy of all requests for exclusion.

Not later than fourteen (14) days before the Final Approval Hearing, the Settlement

Administrator will file under seal with the Court a declaration that lists all of the exclusion requests received.

16.     If a timely and valid exclusion request is made by a person in the Settlement Class, then the Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person.  However, if a person in the Settlement Class submits both an exclusion request and a claim form, the claim form will control and the person will be considered a Settlement Class Member.

17.     All Settlement Class Members who do not opt-out in accordance with the terms set forth herein will be bound by all determinations and judgments concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

18.     Objections to the Settlement.  To object to the Settlement, Settlement Class Members must follow the directions below and in the Class Notice and file a written objection with the Court by the Opt-Out and Objection Deadline.  Settlement Class Members also must mail the objection by the Opt-Out and Objection Deadline to each of the following: (a) Class Counsel – Jennifer Rust Murray, Terrell Marshall Law Group PLLC, 936 North 34th Street, Suite 300, Seattle, Washington 98103; and (b) Discover's Counsel – Julia B. Strickland and Arjun Rao, Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067.  In connection with an objection, the Settlement Class Member must:  (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member; (b) include a statement of such Settlement Class Member's specific objections; and (c) state the grounds for objection, as well as identify any documents which such objector desires the Court to consider.  The Court will not consider an

objection unless the objection is filed with the Court, mailed to Class Counsel and Discover's Counsel and includes all of the foregoing information.

19.      Any Settlement Class Member who fails to timely comply with Paragraph 18 will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means, will be deemed to have waived his, her or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding.

20.      For any objection filed, the Clerk of the Court is ordered to redact any social security number, the street address and telephone number to protect the objector's privacy.  The objector's name and city, state and zip code, as well as the objection, will not be redacted.

21.      <u>Stay of Other Proceedings</u>.  Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed.

22.      Pending the final determination of whether the Settlement should be approved, Plaintiff and all persons in the Settlement Class are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties.  Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein will prevent any person in the Settlement Class, or any person actually or purportedly acting on behalf of any such person (s), from taking any actions to stay or dismiss any Released Claim(s).  This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the

Agreement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any person who requests exclusion from the Settlement.

23. If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in the Agreement is not finally approved by the Court, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification or otherwise asserted at any other stage of the Action or in any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the proposed Settlement Class, Discover or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

24. In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, the remaining Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Fund in accordance with this Agreement, shall be returned to Discover within five (5) business days following the event triggering non-approval, termination, cancellation, or failure to become effective.

25. No Admission of Liability. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Discover, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or

indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order and the Final Approval Order.

26.     <u>Reasonable Procedures to Effectuate the Settlement</u>.  Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

27.     <u>Schedule of Future Events</u>.  Accordingly, the following are the deadlines by which certain events must occur:

| _____, 2017<br><br>[90 days after the date of this Order] | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
|---|---|
| _____, 2017<br><br>[60 days after the Notice Deadline] | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Service Award |
| _____, 2017<br><br>[90 days after the Notice Deadline] | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| _____, 2017<br><br>[90 days after the Notice Deadline] | Deadline for Settlement Class Members to Submit a Claim Form (Claim Period) |
| _____, 2017<br><br>[14 Days Prior to Final Approval Hearing] | Deadline for Parties to file the following:<br><br>(1)     List of persons who made timely and proper requests for exclusion (under seal);<br>(2)     Proof of Class Notice; and |

| | (3)    Motion and memorandum in support of final approval, including responses to any objections. |
|---|---|
| **_____, 2017 at ____ _.m.**<br><br>[No earlier than 225 days from the entry of this Order] | Final Approval Hearing |

IT IS SO ORDERED.

Dated:_____          _____

Hon. Virginia M. Kendall
United States District Judge

**EXHIBIT F**
**FINAL APPROVAL ORDER**

**Exhibit F – Final Approval Order**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUMNER DAVENPORT, individually and on behalf of all others similarly situated, | NO. 1:15-cv-06052 |
| Plaintiff, | |
| v. | Honorable Virginia M. Kendall |
| DISCOVER FINANCIAL SERVICES and DISCOVER HOME LOANS, INC. | |
| Defendants. | |

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**

The Court having held a Final Approval Hearing on _____, notice of the hearing having been duly given in accordance with this Court's Order (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan and (4) Setting Final Approval Hearing (the "Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.      The Settlement Agreement and Release dated _____, 2017, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter.  The terms and definitions of this Court's Preliminary Approval Order (Dkt. No. __) are also incorporated by reference in this Final Approval Order.

2.      This Court has jurisdiction over the subject matter of the Action and over the Parties, including all Settlement Class Members with respect to the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> SETTLEMENT CLASS:  All persons to whom DHL made, from June 1, 2012 through July 31, 2015, one or more non-emergency telephone calls (a) promoting goods or services through the use of an automatic telephone dialing system or an artificial or prerecorded voice and whose contact information DHL purchased from a third party lead generator, or (b) to a cellular or residential telephone number registered on the National Do Not Call Registry and who received more than one such call within any twelve-month period and whose contact information DHL purchased from a third party lead generator.  Excluded from the Settlement Class are all persons who timely and validly request exclusion from the Settlement Class.

3.      For purposes of settlement, Plaintiff is hereby appointed the "Class Representative."

4.      For purposes of settlement, the attorneys at Terrell Marshall Law Group PLLC, Burke Law Office, LLC and Sultzer Law Group are hereby appointed as Class Counsel.

5.     The Court hereby finds that the Settlement is the product of arm's length settlement negotiations between Plaintiff and Discover.

6.     The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms of the Agreement and that the Class Notice and its dissemination were in compliance with the Agreement and this Court's Preliminary Approval Order.

7.     The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.

8.     The Court hereby finally approves the Settlement and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

9.     The Court hereby finally certifies the Settlement Class for settlement purposes. The Court finds for settlement purposes that the Action satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure.

10.     The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement.  The Settlement Administrator is hereby ordered to comply with the terms of the Agreement with respect to distribution of Settlement Awards, the Second Distribution and disposition of any Remaining Funds thereafter.  Should any Remaining Funds be distributed, the Court hereby approves _____ as the *cy pres* recipient.

11.     This Court hereby dismisses this Action, with prejudice, without costs to any Party, except as expressly provided for in the Agreement.

12.     As of the Effective Date, the Plaintiff and each and every one of the Settlement Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims.  In addition, any rights of Plaintiff and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws will be terminated.

13.     Plaintiff and each and every Settlement Class Member, and any person actually or purportedly acting on behalf of Plaintiff or any Settlement Class Member, are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

14.     The Agreement (including any and all exhibits attached thereto) and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Discover, or the truth of any of the claims.  Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order and/or this Final Approval Order.

15.     If for any reason whatsoever this Settlement fails to become effective for any reason, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of

the Action or in any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the Settlement Class, Discover or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

16.     In the event that the Settlement fails to become effective for any reason, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with the Agreement, shall be returned to Discover within 5 days of the event that causes the Agreement to not become effective.

17.     In the event that any provision of the Agreement or this Final Approval Order is asserted by Discover as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

18.     By incorporating the Agreement and its terms herein, the Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

19.     The Court approves payment of attorneys' fees and costs to Class Counsel in the amount of $_____ in fees and $_____ in out-of-pocket litigation costs. These

amounts shall be paid from the Settlement Fund pursuant to the terms of the Agreement. The Court finds these amounts to be appropriate and reasonable in light of the work performed by Class Counsel and the benefits obtained by the Settlement Class Members.

20. The Court approves payment of service awards to Plaintiff and Polly Hansen in the amount of $_____. This amount shall be paid from the Settlement Fund pursuant to the terms of the Agreement.

**IT IS SO ORDERED.**

Dated: _____      _____
                                                 The Honorable Virginia M. Kendall