— **EXHIBIT 2** —

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUMNER DAVENPORT, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>DISCOVER FINANCIAL SERVICES and DISCOVER HOME LOANS, INC.,<br><br>    Defendants. | NO. 1:15-cv-06052<br><br>**DEMAND FOR JURY**<br><br>Honorable Virginia M. Kendall<br><br>Magistrate Judge Geraldine S. Brown |

### DECLARATION OF BETH E. TERRELL IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

I, Beth E. Terrell, declare as follows:

**A. Background and Experience**

1. I am a member of the law firm of Terrell Marshall Law Group PLLC ("TMLG"), counsel of record for Plaintiff in this matter. I am admitted to practice before this Court and am a member in good standing of the bars of the states of Washington and California. I respectfully submit this declaration in support of Plaintiff's motion for preliminary approval of the settlement of the above-captioned class action. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2. TMLG is a law firm in Seattle, Washington, that focuses on complex civil and commercial litigation with an emphasis on consumer protection, product defect, civil rights, employment, wage and hour, real estate, and personal injury matters. The attorneys of TMLG have extensive experience in class actions, collective actions, and other complex matters. They

have been appointed lead or co-lead class counsel in numerous cases at both the state and federal level. They have prosecuted a variety of multi-million-dollar consumer fraud, civil rights, wage and hour, and product defect class actions. The defendants in these cases have included companies such as Wal-Mart, Microsoft, Best Buy, Toyota, Honda, Sallie Mae, Comcast, ABM Industries, Inc., AT&T, T- Mobile USA, Weyerhaeuser, Behr Products, American Cemwood, Bank of America, Discover Financial Services, Capital One, and HSBC.

   3. I am the lead attorney from TMLG in the instant litigation. A founding member of TMLG, I concentrate my practice in complex litigation, including the prosecution of consumer, defective product, and wage and hour class actions. I have served as co-lead counsel on numerous multi-state and nationwide class actions. I also handle a variety of employment issues including employment discrimination, restrictive covenant litigation, and pre-litigation counseling and advice.

   4. I received a B.A., magna cum laude, from Gonzaga University in 1990. In 1995, I received my J.D. from the University of California, Davis School of Law, Order of the Coif. Prior to forming TMLG in May 2008, I was a member of Tousley Brain Stephens PLLC. I am a frequent speaker at legal conferences on a wide variety of topics including consumer class actions, employment litigation, and electronic discovery, and I have been awarded an "AV" rating in Martindale Hubble by my peers.

   5. I am actively involved in several professional organizations and activities. For example, I currently am an Eagle Member of the Washington State Association of Justice ("WSAJ"), and serve as the Chair of its Consumer Protection Section. I am the current Chair of the Washington Employment Lawyers Association and a member of the Public Justice Foundation's Board of Directors. I also serve on the Foundation's Executive and Development Committees.

   6. I have been repeatedly named to the annual Washington Super Lawyers list (2005, 2010, 2011, 2012, 2013, 2014, 2015, and 2016) by Washington Law & Politics Magazine.

I was also named to their Top 100 Washington Super Lawyers list (2014 and 2015) and their Top 50 Women Super Lawyers list (2012, 2013, 2014, 2015, and 2016).

### B. Qualifications of Other TMLG Attorneys

7. Jennifer Rust Murray is a founding member of TMLG. Ms. Murray graduated from the University of Washington School of Law in 2005 where she was a member of the Washington Law Review. Ms. Murray's law review article entitled "Proving Cause in Fact under Washington's Consumer Protection Act: The Case for a Rebuttable Presumption of Reliance" won the Carkeek prize for best submission by a student author. Prior to law school, Ms. Murray earned a Ph.D. in Philosophy from Emory University. Ms. Murray has been an active member of the Washington State Bar Association since her admission to the bar in 2005. In 2010, Ms. Murray was admitted to the Oregon State Bar. In 2011, 2012, 2013, 2014, and 2015, Ms. Murray was named a Washington "Rising Star" by SuperLawyer Magazine. Ms. Murray focuses her practice on complex commercial litigation with an emphasis on consumer and employment issues. She has been involved in nearly every class action prosecuted by the firm.

8. Mary B. Reiten is a member of TMLG. Ms. Reiten received her B.A. with high honors from the University of California, Berkeley in 1991 and graduated from the University of California, Hastings College of Law in 1998. Prior to joining TMLG, Ms. Reiten was a member of Tousley Brain Stephens PLLC. Ms. Reiten was also an associate at Lieff Cabraser Heiman & Bernstein for one year and clerked for the superior courts of Sitka, Alaska and San Francisco, California. Ms. Reiten has represented plaintiffs in several consumer class actions, including *Spafford v. EchoStar*; *Hartman, et al. v. Comcast*; *Richison v. American Cemwood Corp.*; *Zwicker et al. v. General Motors Corporation*; and *Trimble v. Holmes Harbor Sewer District, et al.* In 2004, Ms. Reiten was named a Washington "Rising Star" by Washington Law & Politics magazine.

**C.     Other Cases Litigated by TMLG**

9.     TMLG has actively and successfully litigated class action lawsuits under the Telephone Consumer Protection Act ("TCPA"). TMLG has taken the lead in some of the largest nationwide class actions filed under the TCPA, including those filed against large financial institutions such as Sallie Mae, Bank of America, Discover Financial Services, Capital One, and HSBC. I have been appointed co-lead counsel in two of the largest MDLs involving TCPA claims, *In re Capital One Telephone Consumer Protection Act Litigation*, 1:12-cv-10064 (N.D. Illinois), and *In re Monitronics International, Inc. Telephone Consumer Protection Act Litigation*, MDL No. 1:13-MD-2493 (N.D. W. Va.).

10.     TMLG is litigating or has recently settled the following Telephone Consumer Protection Class Actions:

- *In re Capital One Telephone Consumer Protection Act Litigation*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* I served as court-appointed Interim Co-Lead Counsel; final approval of the $75,455,098.74 settlement was granted in February 2015.

- *In re Monitronics International, Inc. Telephone Consumer Protection Act Litigation*—Filed on behalf consumers who received automated, prerecorded solicitation telephone calls on their residential and business telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400, and the Washington Consumer Protection Act, RCW 19.86 *et seq.* I serve as co-lead counsel in the MDL.

- *Wilkins, et al. v. HSBC Bank Nevada, N.A., et al.*—Filed on behalf of individuals who alleged that HSBC made prerecorded calls using an automatic dialing system. The case settled on a class-wide basis in 2014 for $39,975,000, and final approval was granted in March 2015.

- *Ott, et al. v. Mortgage Investors Corporation*—Filed on behalf of consumers who received automated solicitation telephone calls on their cellular and residential telephones without their prior express consent within the meaning of the Telephone Consumer Protection

Act, 47 U.S.C. § 227 *et seq.* TMLG negotiated a $7,483,600 class-wide settlement; final approval was granted in January 2016.

- *Booth, et al. v. AppStack, et al.*—TMLG represents a certified class of consumers who received automated, prerecorded solicitation telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* The case settled on a class-wide basis in 2016, and final approval is pending in the United States District Court for the Western District of Washington.

- *Joseph v. TrueBlue Inc., et al.*—Filed on behalf of consumers who received spam text messages on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* The case settled on a class-wide basis in 2016, and final approval is pending in the United States District Court for the Western District of Washington.

- *Melito, et al. v. American Eagle Outfitters, Inc., et al.*—Filed on behalf of consumers who received spam text messages on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* The case settled on a class-wide basis in 2016, and preliminary approval is pending in the United States District Court for the Southern District of New York.

- *Ashack v. Caliber Home Loans*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* TMLG worked to negotiate a nationwide settlement in 2016, and the approval process is pending.

- *Bee, Denning, Inc., et al. v. Capital Alliance Group, et al.*—TMLG represents two certified classes of consumers who received junk faxes and automated, prerecorded solicitation telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* The case settled on a class-wide basis in 2016, and final approval was granted in November 2016.

- *Lushe, et al. v. Verengo, Inc.*—Filed on behalf of consumers who received automated, prerecorded solicitation telephone calls on their cellular and residential telephones without their prior express consent, within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* The case settled on a class-wide basis in 2015, and final approval was granted in May 2016.

- *Rinky Dink, et al. v. World Business Lenders, LLC*—Filed on behalf of consumers who received automated, prerecorded solicitation telephone calls on their cellular telephones and Washington landlines without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400, and the Washington Consumer Protection Act, RCW 19.86 *et seq.* The case settled on a class-wide basis in 2015, and final approval was granted in May 2016.

- *Rinky Dink, et al. v. Electronic Merchant Systems, Inc., et al.*—Filed on behalf of consumers who received automated, prerecorded solicitation telephone calls on their cellular telephones and Washington landlines without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400, and the Washington Consumer Protection Act, RCW 19.86 *et seq.* The case settled on a class-wide basis in 2015, and final approval was granted in April 2016.

- *Taylor v. Universal Auto Group I*—Filed on behalf of consumers who received automated, prerecorded solicitation telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* The case settled on a class-wide basis and final approval was granted in February 2016.

- *Gehrich v. Chase Bank USA*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. TMLG worked to negotiate a $34,000,000 nationwide settlement; final approval was granted in March 2016.

- *Chesbro v. Best Buy Stores, L.P.*—Filed on behalf of consumers who received automated, prerecorded solicitation telephone calls on their residential telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. TMLG negotiated a $4.5 million settlement, which was granted final approval in September 2014.

- *Rose, et al. v. Bank of America Corp., et al.*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. TMLG worked to negotiate a nationwide

settlement of $32,083,905, which was granted final approval in August 2014.

- *Steinfeld v. Discover Financial Services, et al.*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. TMLG negotiated an $8.7 million settlement, which was granted final approval in March 2014.

- *Hanley v. Fifth Third Bank*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. TMLG negotiated a $4.5 million settlement, which was granted final approval in December 2013.

- *Arthur v. Sallie Mae, Inc.*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. TMLG worked to negotiate a $24.15 million nationwide settlement, and final approval was granted in 2012.

11. TMLG is litigating or has recently settled the following consumer protection class actions:

- *Dibb, et al. v. AllianceOne Receivables Management, Inc.*—TMLG represents three certified classes of Washington consumers who received unfair and deceptive debt collection notices that included threats of criminal prosecution. The case is pending in the United States District Court for the Western District of Washington.

- *Jordan v. Nationstar Mortgage, LLC*—After a plaintiff class was certified by a Washington trial court, the action was removed to District Court in 2014. TMLG represents a class of homeowners who were improperly locked out of their homes by their mortgage lender.

- *Cavnar, et al. v. BounceBack, Inc.*—Filed in 2014 on behalf of Washington consumers who received false, misleading, and deceptive debt collection letters printed on the letter head of county prosecuting attorneys. TMLG worked to negotiate a class-wide settlement, and final approval was granted in September 2016.

- *Soto v. American Honda Motor Corporation*—Filed in 2012 on behalf of owners and lessees of 2008-2010 Honda Accords that consume

- 7 -

motor oil at a much higher rate than intended, due to a systemic design defect. The case settled on a class-wide basis and final approval was granted in March 2014.

- *Smith v. Legal Helpers Debt Resolution LLC*—Filed in 2011 on behalf of consumers who were charged excessive fees for debt adjusting services in violation of Washington law. Class settlements were approved by the Court in December 2012 and December 2013.

- *Brown v. Consumer Law Associates LLC, et al.*—Filed in 2011 on behalf of consumers who were charged excessive fees for debt adjusting services in violation of Washington law. A class settlement was approved by the Court in 2013.

- *Bronzich, et al. v. Persels & Associates, LLC, et al.*—Filed in 2010 on behalf of consumers who were charged excessive fees for debt adjusting services in violation of Washington law. A class settlement was approved by the Court in 2013.

- *Milligan, et al. v. Toyota Motor Sales, Inc.*—Filed in 2009 on behalf of owners of 2001-2003 Toyota RAV4s containing defective Electronic Computer Modules, which cause harsh shifting conditions and permanent damage to the transmissions. TMLG worked to negotiate a nationwide class action settlement, and final approval was granted in January 2012.

- *Kitec Consolidated Cases—*Served as co-counsel in a national class action lawsuit against the manufacturers of defective hydronic heating and plumbing systems. The case settled for $125,000,000, and final approval was granted in 2011.

- *Seraphin v. AT&T Internet Services, Inc., et al.*—A multi-state class action filed in 2009 on behalf of AT&T internet customers who paid $20 a month or less for internet service and were assessed and Early Termination Fee when they cancelled service. A class settlement was approved by the Court in 2011.

12. TMLG is litigating or has recently settled the following wage and hour class actions:

- *Spencer v. FedEx Ground Package System, Inc.—*TMLG represented a certified class of current and former delivery drivers who allege violations of state wage and hour laws. The case settled on a class-wide basis, and final approval was granted in December 2016.

- *Romatka, et al. v. Brinker International Payroll Company, L.P., et al.—*Filed in 2013 on behalf of approximated 900 workers who alleged

- 8 -

violations of Washington State wage and hour laws. The case settled on a class-wide basis, and final approval was granted in March 2015.

- *Newell v. Home Care of Washington, Inc., et al.*—TMLG represented a certified class of more than 400 in-home health care workers who alleged violations of state wage and hour laws. The case settled on a class-wide basis, and final approval was granted in January 2015.

- *Paz v. Sakuma Brothers Farms, Inc.*—Filed in 2013 on behalf of migrant and seasonal workers who alleged violations of Washington State wage and hours laws. A class-wide settlement was approved by the Court in December 2014.

- *Hill v. Xerox Business Services, LLC, et al., and Douglas v. Xerox Business Services, LLC, et al.*—TMLG represents two certified classes of current and former call center workers who allege violations of state and federal wage and hour laws. Both cases were filed in 2012 and are pending in the United States District Court for the Western District of Washington.

- *Dickerson v. Cable Communications, Inc., et al.*—Filed in 2012 on behalf of approximately 500 individuals alleging their employer violated Oregon's wage and hour laws. Defendants' systematic scheme of wage and hour violations involved, among other things, failure to pay non-managerial installation technicians for all hours worked, including overtime. The case settled on a class-wide basis, and final approval was granted in 2013.

- *Khadera v. ABM Industries, Inc.*—TMLG represented 337 employees who alleged violations of federal and state wage and hour laws. The case settled, and final approval was granted in 2012.

- *Simpson v. ABM Industries, Inc.*—TMLG represented a CR 23 class of approximately 6,800 employees who alleged Washington State wage and hour violations. The case settled in March 2012, and final approval of the settlement was granted in September 2012.

- *Barnett, et al. v. Wal-Mart Stores, Inc.*—Filed in 2001 on behalf of Washington employees alleging wage and hour violations by the country's largest private employer. After more than seven years of litigation, TMLG obtained a settlement of $35 million on behalf of a certified class of approximately 88,000 employees. That settlement was approved in July 2009.

- *McGinnity, et al. v. AutoNation, Inc., et al.*—TMLG represented a certified class of more than 500 employees who were denied earned vacation benefits. After nearly two years of litigation before an

arbitrator, we obtained an award of $2.34 million on behalf of the class. We successfully defended the award on appeal, and the Washington Supreme Court denied Defendants' petition for review. A judgment in excess of $2,600,000 was satisfied in September 2009.

- *Ramirez, et al. v. Precision Drywall, Inc.*—TMLG represented a certified class of workers who alleged they were not paid for overtime work. The case was tried before a jury during a five-week period in 2010, and TMLG successfully obtained a judgment for the workers in excess of $4,000,000. TMLG continues to work on enforcing the judgment against multiple defendants.

### D. Discovery and Mediation

13. After filing this case Plaintiff served written discovery, including requests for production and interrogatories. Plaintiff obtained agreements between Discover and its lead generators, documents supporting Discover's assertion of its consent defense, and information about Discover's purchases of leads from lead generators. Ms. Hansen also responded to written discovery from Discover.

14. Plaintiff also served subpoenas upon, and received information from, lead generators such as LowerMyBills.com and LendingTree.

15. After a settlement in principle was reached, Plaintiff continued document discovery and conducted a deposition of a representative of DHL. During this deposition, Plaintiff confirmed the size and composition of the proposed Settlement Class and learned crucial information regarding the type of contact information that Defendants maintained for Settlement Class members. Plaintiff also questioned the witness about the identities of DHL's lead generators, the number of leads that DHL purchased during the class period, and the identity of the websites that the lead generators used to obtain leads.

16. The Parties participated in mediation with the Honorable Morton Denlow (Ret.) of JAMS in Chicago. In connection with the mediation, the Parties exchanged detailed briefs analyzing pertinent factual and legal issues. The Parties also completed Judge Denlow's "class action checklist" which required them to, among other things, exchange counterproposals on key aspects of the Settlement. During the mediation sessions, the Parties discussed their relative

views of the law and the facts and potential relief for the proposed Class. After the Parties reached an agreement in principle, they continued to negotiate the details of the Settlement via email and telephone. At all times the Parties' settlement negotiations were highly adversarial, non-collusive and at arm's-length. These discussions culminated in the Settlement Agreement.

### E. Support for This Settlement

17. I fully support the settlement and believe it is fair, reasonable, and adequate result in light of the risks involved with further litigation.

18. Based on my experience with class action settlements generally and TCPA settlements in particular, I estimate that claimants will receive approximately $25 to $50 each.

19. By the time the Settlement Agreement was executed, I had the information I needed to fully endorse the Settlement. If this case had not settled, Plaintiff would have had to conduct extensive motion work, including moving for class certification and very likely summary judgment. Plaintiff also would have had to conduct expert work to analyze Discover's calling data. In my experience, it would have been a year or more before this case would proceed to trial. Given the controversial nature of the issues in this case, the losing party very likely would have appealed any judgment, delaying any recovery for class members even further.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED at Seattle, Washington, this 13th day of January, 2017.

       /s/ Beth E. Terrell, *Admitted Pro Hac Vice*
    Beth E. Terrell, *Admitted Pro Hac Vice*

CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on January 13, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Julia B. Strickland
>Email: jstrickland@stroock.com
>Arjun P. Rao, *Admitted Pro Hac Vice*
>Email: arao@stroock.com
>STROOCK & STROOCK & LAVAN LLP
>2029 Century Park East Suite 1600
>Los Angeles, California 90067-3086
>Telephone: (310) 556-5800
>Facsimile: (310) 556-5959
>
>Mark B. Blocker
>Email: mblocker@sidley.com
>J. Simone Jones
>Email: simone.jones@sidley.com
>SIDLEY AUSTIN LLP
>One South Dearborn
>Chicago, Illinois 60603
>Telephone: (312) 853-7000
>Facsimile: (312) 853-7036
>
>*Attorneys for Defendants*

DATED this 13th day of January, 2017.

>TERRELL MARSHALL LAW GROUP PLLC
>
>
>By: /s/ Beth E. Terrell, *Admitted Pro Hac Vice*
>    Beth E. Terrell, *Admitted Pro Hac Vice*
>    Email: bterrell@terrellmarshall.com
>    936 North 34th Street, Suite 300
>    Seattle, Washington 98103
>    Telephone: (206) 816-6603
>    Facsimile: (206) 319-5450
>
>*Attorneys for Plaintiff*