IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUMNER DAVENPORT, individually and on behalf of all others similarly situated, | NO. 1:15-cv-06052 |
| Plaintiff, | |
| v. | Honorable Virginia M. Kendall |
| DISCOVER FINANCIAL SERVICES and DISCOVER HOME LOANS, INC. | |
| Defendants. | |

## FINAL APPROVAL ORDER AND JUDGMENT

The Court having held a Final Approval Hearing on September 18, 2017, notice of the hearing having been duly given in accordance with this Court's Order (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan and (4) Setting Final Approval Hearing (the "Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.     The Settlement Agreement and Release dated January 13, 2017, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter.  The terms and definitions of this Court's Preliminary Approval Order (Dkt. No. 82) are also incorporated by reference in this Final Approval Order.

- 1 -

LA 52031830

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all Settlement Class Members with respect to the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> SETTLEMENT CLASS: All persons to whom DHL made, from June 1, 2012 through July 31, 2015, one or more non-emergency telephone calls (a) promoting goods or services through the use of an automatic telephone dialing system or an artificial or prerecorded voice and whose contact information DHL purchased from a third party lead generator, or (b) to a cellular or residential telephone number registered on the National Do Not Call Registry and who received more than one such call within any twelve-month period and whose contact information DHL purchased from a third party lead generator. Excluded from the Settlement Class are all persons who timely and validly request exclusion from the Settlement Class.

3. For purposes of settlement, Plaintiff is hereby appointed the "Class Representative."

4. For purposes of settlement, the attorneys at Terrell Marshall Law Group PLLC, Burke Law Office, LLC, and Sultzer Law Group are hereby appointed as Class Counsel.

5. The Court hereby finds that the Settlement is the product of arm's length settlement negotiations between Plaintiff and Discover.

6. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms of the Agreement and that the Class Notice and its dissemination were in compliance with the Agreement and this Court's Preliminary Approval Order.

7. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort and support the Court's exercise of

jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.

8. The Court hereby finally approves the Settlement and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

9. The Court has considered the objection to the settlement made by John W. Davis (Dkt. No. 94). The Court overrules the objection.

10. The Court hereby finally certifies the Settlement Class for settlement purposes. The Court finds for settlement purposes that the Action satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure.

11. The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement. The Settlement Administrator is hereby ordered to comply with the terms of the Agreement with respect to distribution of Settlement Awards, the Second Distribution and disposition of any Remaining Funds thereafter. Should any Remaining Funds be distributed, the Court hereby approves Equal Justice Works as the *cy pres* recipient.

12. This Court hereby dismisses this Action, with prejudice, without costs to any Party, except as expressly provided for in the Agreement.

13. As of the Effective Date, the Plaintiff and each and every one of the Settlement Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims. In addition, any rights of Plaintiff and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws will be terminated.

14. Plaintiff and each and every Settlement Class Member, and any person actually or purportedly acting on behalf of Plaintiff or any Settlement Class Member, are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or

- 3 -

indirectly, in any judicial, administrative, arbitral or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

15.     The Agreement (including any and all exhibits attached thereto) and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Discover, or the truth of any of the claims.  Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order and/or this Final Approval Order.

16.     If for any reason whatsoever this Settlement fails to become effective for any reason, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding.  No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the Settlement Class, Discover or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

17.     In the event that the Settlement fails to become effective for any reason, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with the Agreement, shall be returned to Discover within 5 days of the event that causes the Agreement to not become effective.

- 4 -

18.     In the event that any provision of the Agreement or this Final Approval Order is asserted by Discover as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.  Solely for purposes of such suit, action or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.  These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

19.     By incorporating the Agreement and its terms herein, the Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

20.     The Court approves payment of attorneys' fees and costs to Class Counsel in the amount of $1,417,350.00.  This amount shall be paid from the Settlement Fund pursuant to the terms of the Agreement.  The Court finds this amount to be appropriate and reasonable in light of the work performed by Class Counsel and the benefits obtained by the Settlement Class Members.

21.     The Court approves payment of service awards to Plaintiff and Polly Hansen in the amount of $15,000.00  as to each party.  This amount shall be paid from the Settlement Fund pursuant to the  terms of the Agreement.

**IT IS SO ORDERED.**

Dated: December 19, 2017

The Honorable Virginia M. Kendall
United States District Judge